STATE OF MISSOURI *ex rel.* WILLIAM HIXON, Relator, *v.* JESSE SCHOFIELD, N. W. LETTON, and WILLIAM S. THOMAS, Justices of Lafayette County Court, Defendants.

1. *Officers—Clerks—Practice.*—When a clerk of a court is suspended from office under the provisions of the statute, G. S. 1865, ch. 24, § 18, upon charges preferred of misdemeanor in office, no appeal lies from the action of the judges. Sec. 8 of the act of February 1, 1867, is inoperative to give such right of appeal.

2. *Constitution— Statutes— Construction— Evidence.*—By the Constitution, Art. IV., § 32, such portions of a law enacted by the General Assembly as

are not expressed in the title of the act are void. The title of the act of February 1, 1867, provides for appeals in contested election cases; the subject of sec. 8 of said act giving the right of appeal in all other civil cases is not expressed in the title, and is therefore inoperative, except in cases of contested elections.

*Petition for Mandamus to Lafayette County Court.*

*Knox & Smith,* for relator.

*Glover & Shepley,* for defendants.

WAGNER, Judge, delivered the opinion of the court.

The relator asks for a mandamus from this court against the justices of the County Court of Lafayette county to compel them to grant him an appeal. It appears from the record that the relator was clerk of the County Court in the county of Lafayette, and that charges of misconduct and misdemeanor in office were filed against him; whereupon the County Court suspended him from office, and appointed another person to temporarily discharge the duties of the office till a trial could be had on the charges according to the provisions of the statute. From this order of suspension, the relator made an application for an appeal, which the court refused to grant.

By law, when a court, or a majority of the judges thereof in vacation, shall believe of their own knowledge, or from the information of others on oath or affirmation, that the clerk of such court has been guilty of misdemeanor in office, it is made the duty of the court, or the majority of the judges, to give notice to the Attorney-General, stating the charges, and requiring him to prosecute the same; and they are at liberty to suspend such clerk from office till a trial can be had. The law then indicates the method and manner in which the prosecution shall be carried on by the Attorney-General, and the tribunal in which the matter shall be pursued. This is a special proceeding, applicable to a particular case or state of facts, and must be pursued according to the provisions of the statute. There is nothing in the law by which the party

accused can avoid the statutory process, and resort to another remedy and a different jurisdiction.

It is claimed that the appeal is authorized under a recent act passed by the Legislature entitled "An act to provide for appeals in contested election cases," approved February 1st, 1867. That act provides that appeals may be taken upon such terms and conditions, so far as the same may be applicable, in the same manner as appeals from justices of the peace; but this is not a case of contested election, and the law therefore can have no application. The eighth section, which undertakes to give the right of appeal, and all other civil cases, must be regarded as wholly nugatory and inoperative. The thirty-second section of the fourth article of the Constitution declares that " no law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title; but if any subject embraced in an act be not expressed in the title, such act shall be void only as to so much thereof as is not so expressed."

The only subject embraced or expressed in the title is to provide for appeals in contested election cases; it can then only be valid so far as pertains to appeals arising out of such cases, and the section which attempts to give the right of appeal in all other civil cases is void and of no effect. There being no law giving an appeal in a case like the one here presented, the County Court rightfully refused the application.

The mandamus is denied. The other judges concur.