## The People ex rel. Charles H. Estes v. John Denahy.

*Constitutional law : Title of legislative acts.* A law which provides for the expenditure of certain highway taxes on two distinct State roads ; and for the location and construction of a third State road, and for the expenditure of certain other taxes upon that; ( *No. 471 Laws of 1867, p. 964* ), is repugnant to *Art 4,* § *20* of the Constitution, that " no law shall embrace more than one object, which shall be expressed in its title."

*Heard April 26. Decided May 10.*

Application for *mandamus :*

By Charles H. Estes, Commissioner appointed under the act of 1867 ( *No. 471, p. 964* ), appropriating certain non-

resident highway taxes for the improvement of certain State roads, and providing for the construction and improvement thereof, to compel John Denahy, Treasurer of the township of Elk Rapids, to pay to the relator, certain moneys in the possession of Denahy, and which the relator claims, were appropriated to the improvement of the Traverse Bay and Houghton Lake State Road,—one of the roads mentioned in the act.

*Dwight May, Attorney General,* for relator.

*G. V. N. Lothrop,* for respondent.

COOLEY, J.

· The relator in this case is the Commissioner appointed by the Governor for the purpose of receiving and expending the moneys appropriated to the Traverse Bay and Houghton Lake State Road by "an act appropriating certain non-resident highway taxes for the improvement of certain State roads, and providing for the construction and improvement thereof," approved March 27, 1867. *Laws 1867, vol. 2 p. 964.* The respondent is Township Treasurer of the township of Elk Rapids, and has in his possession certain of the moneys, which, by the act aforesaid, were appropriated to the Traverse Bay and Houghton Lake State road; but which he refuses to pay over, on the claim that the act is in violation of that clause of the Constitution of the State which provides that "no law shall embrace more than one object, which shall be expressed in its title."— *Art. 4, § 20.*

A *mandamus* was applied for to compel such payment.

The first section of said act provides that all the non-resident highway taxes assessed and unexpended for the year 1866 and to be assessed for five years thereafter, in certain specified townships in the counties of Wexford, Grand Traverse and Leelanaw, shall be appropriated for the improve-

ment of that part of the Newaygo and Northport State road, which lies north of the south line of Wexford County. The second section appropriates all the non-resident highway taxes assessed and unexpended for the year 1866 and to be assessed for five years thereafter in the north half of Manistee County, and in the County of Benzie, except in the township of Homestead, to the improvement of that portion of the Allegan, Muskegon and Traverse Bay State Road, which lies north of Manistee river. The third section appropriates all the non-resident highway taxes assessed and unexpended for the year 1866 and to be assessed for five years thereafter, in the east half of Wexford and Traverse Counties, and in the unorganized counties of Crawford, Kalkaska, Missaukee, and north half of Roscommon counties, and in two townships in the County of Clare, for the purpose of laying out and constructing a State road at some point at or near the head of Grand Traverse Bay, in Grand Traverse County, to some point at or near Houghton Lake, and to be known as the Traverse Bay and Houghton Lake State Road. The eighth section provides for the laying out of the last mentioned road; the ninth section repeals contravening legislation; and the remaining sections provide for the appointment of commissioners, for the payment to them of the moneys specified in the preceding sections, and for their annual report.

We have found insurmountable difficulties in our effort to sustain this law, since it cannot be denied that the three roads, the improvement or construction of which is provided for by it, appear to be three distinct objects of legislation, which might, with entire propriety, have been provided for by separate acts, and indeed, ought to have been, in view of the care which is taken by the Constitution to compel each distinct object of legislation to be considered separately. *People v. Mahaney, 13 Mich., 494; State v. County Judge, 2 Iowa, 282 ; Davis v. Bank of Fulton, 31 Geo., 69.*

These objects have certainly no necessary connection, and being grouped together in one bill, legislators are not only precluded from expressing by their votes their opinion upon each separately; but they are so united, as to invite a combination of interests among the friends of each, in order to secure the success of all, when, perhaps, neither could be passed separately. The evils of that species of omnibus legislation which the constitution designed to prohibit, are all invited by acts thus framed; and although we have no reason to suppose that those evils actually existed in the present case, or that there was any purpose on the part of the Legislature to disregard the constitutional requirement, yet we cannot be governed by these considerations, if the act is of a class which is actually prohibited.

The act, it will be seen, is not one which establishes a general system for the expenditure of non-resident highway taxes, or for the construction of State roads. It singles out two State roads, and provides for the expenditure of *certain* non-resident highway taxes upon each. It then proceeds to provide for the location and construction of a third State road, and the expenditure of certain other taxes upon that.

The three objects are as separate and distinct as the three great lines of railroads crossing the state, and the same arguments which might be advanced in support of this act, would support also an act which would single out those three railroads for special and peculiar legislation, in respect to which the roads have no necessary connection. A combination of that description would at once be pronounced unconstitutional by general consent; but it would not differ at all, in principle, from the present act, in which the combination of objects is equally apparent and equally unnecessary for any proper purpose of legislation. The only difference there could be in the two cases would be that in the case of a combination of interest among powerful corporations to secure favorable legislation on their behalf, a purpose to evade the constitutional requirement would gen-

erally be very apparent, while in this case we do not imagine it to have existed at all; but the question of violation of the Constitution is not a question of intent. In most instances, we suppose, in which the provisions of that instrument have been disregarded, it has been through inadvertence rather than of deliberate purpose. The present we regard a case of that character, and however much we may regret being forced to this conclusion, we do not perceive that we have any choice, but to deny the writ of *mandamus* which was applied for.

The other Justices concurred.