# Rogers *versus* Manufacturers' Improvement Company.

109   109
168   392

1. The title of a bill, being intended to give notice of the proposed legislation, must express the purport of the Act with sufficient definiteness to notify those who may be affected by the Act, of its real purpose. Where the title imports one subject, while the bill itself shows a different subject to be its purpose, the title is misleading, and the Act is unconstitutional.

2. A special Act of incorporation, passed in 1872, authorized the company thereby chartered to clear out, improve, and erect dams in Loyalsock creek and its tributaries in the counties of Lycoming and Sullivan, and to maintain the stream in good condition for floating saw logs, timber, etc., for which the company was authorized to charge tolls from persons floating lumber therein. Prior to this Act Loyalsock Creek had been a public highway. The title of the above Act of incorporation was, "An Act to incorporate the Manufacturers' Improvement Company."

   *Held*, that this title was misleading, and the Act was therefore unconstitutional and void.

3. Blood *v.* Mercelliott, 3 P. F. S. 391, commented on.

February 19th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and CLARK, JJ. STERRETT and GREEN, JJ., absent.

ERROR to the Court of Common Pleas of *Lycoming county :* Of January Term, 1885, No. 113.

This was an action of assumpsit by the Manufacturers' Improvement Company against Jonathan Rogers, to recover a sum alleged to be due for tolls for floating lumber down Elk creek, a tributary of Loyalsock creek, for the years 1880 to 1884 inclusive. Pleas, non-assumpsit, payment with leave, etc.

On the trial, before KREBS, P. J., of the 46th district, the following facts appeared: By a special Act of the Legislature of Pennsylvania, approved March 30th, 1872, [P. L. 679], The Manufacturers' Improvement Company was "authorized to clear out, improve and use all and every part of Loyalsock creek and its tributaries, in the counties of Lycoming and Sullivan, from the mouth to the sources thereof; and the said corporation may erect dams therein in such manner and at such points as they may deem proper, and shall and may use all of said dams and the waters of said streams in the floating of saw logs, timber and other lumber down the same, and shall generally have the right to straighten, deepen, crib and widen the channels of the streams aforesaid in such manner as they may deem fit for the purpose aforesaid."

[Rogers *v.* Improvement Co.]

The company was also authorized by said Act, to demand and receive from every person using said stream for floating lumber, tolls, at the rate of fifty cents per thousand feet for all distances floated therein ; and, in case of failure to make such payment, the party in default was charged with fifty per centum, added thereto, and the logs were made subject to a specific lien therefor.

Testimony was given as to the quantity of timber floated by the defendant within the period for which suit was brought.

The company had erected dams and other improvements in prosecution of its chartered object.

The defendant presented, *inter alia*, the following point :—

*Third.* That the Act of incorporation, under which the plaintiffs claim right to collect tolls, is unconstitutional and void, because the title of the Act does not clearly express nor indicate the subject matter of the Act as required by the provision of the Constitution of 1864, but on the contrary is misleading. Refused.

Verdict and judgment for the plaintiff, for $246.32. The defendant took this writ of error, assigning for error, *inter alia*, the refusal of the above point.

*Lloyds* and *Henry Johnson*, for the plaintiff in error.

*R. P. Allen*, for the defendant in error.

Chief Justice MERCUR delivered the opinion of the Court, October 5th, 1885.

The main contention in this case arises under the sixth specification of error. It presents the question whether the Act of Assembly, incorporating the company, is in conflict with the Constitution.

The amendment to the Constitution, adopted in 1864, declares that "no bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title, except appropfiation bills."

This company was incorporated by the Act of the 30th March, 1872. Its title is, "An Act to incorporate the Manufacturers' Improvement Company." Is the subject clearly expressed in that title?

The constitutional requisite in a title to sufficiently express the subject of an Act of the legislature, has many times been considered by this court. It is held that the title need not be a complete index to the contents of the bill: Dorsey's Appeal, 22 P. F. S., 195. It is sufficient, if it fairly gives notice of the subject of the Act, so as reasonably to lead to an inquiry into the body of the bill: Allegheny County Home's Appeal,

27 Id., 77. Thus it was held in Blood v. Mercelliott, 3 Id., 391, that a bill entitled, " An Act to increase the boundaries of Forest county," required the addition of new territory, and this naturally included a re-location of the county seat. The authority of this case has not been overruled, nor do we propose to question it now. Yet we know no other case which has gone quite so far in inferring a subject not mentioned in the title. The case of State Line & Juniata Railroad Co.'s Appeal, 27 Id., 429, was, on the argument, urged as ruling the present case. We think however it is clearly distinguishable. The title of the original Act as well as the title to each of the supplements, clearly shows the subject to be that of a railroad, and all the powers contained in the bill were germane to that subject.

It may be conceded that an entire Act is not necessarily unconstitutional, because the title omits to give notice of some particular matter contained in the bill: Dewhurst v. Allegheny, 14 Norris, 437; but a title which tends to deceive or mislead as to the subject of the bill is not sufficient: Allegheny County Home's Appeal, supra; Union Passenger Railway Co.'s Appeal, 32 P. F. S., 91. If the title omits all reference to the main subject of the bill it cannot give validity to the subject matter thus ignored. In such case the reasonable presumption is that the title was intended to conceal the purpose of the bill. The purpose of the title is to give notice of the legislation contemplated. When it imports the purpose of the bill to be one subject, while the bill itself shows a different subject to be the purpose, the title is undoubtedly misleading. In such case it would be a gross perversion of language to declare that the subject is clearly expressed in the title.

A brief reference to the title of the bill in question makes its defects manifest. "Manufacturers' Improvement Company " reasonably imports a corporation about to engage in some branch of manufacture. The omission to designate any specific place of business strengthens this presumption. The bill however gives no authority to manufacture anything. It confers the power to clear out, improve, and use all and every part of the Loyalsock creek and its tributaries, in the counties of Lycoming and Sullivan, from the mouth to the sources thereof; and to erect dams therein in such manner and at such points as it may deem proper; and to use the same and the waters of the streams in the floating of saw logs, timber and other lumber down the same. It further gives to the corporation the right to demand and receive from any and every person using the said stream for the purpose of running or floating lumber upon its waters, the sum of twenty cents per

thousand, board measure, for all lumber put in said stream, and permits the company at its option, to demand in advance the payment of said toll or security. for the same; and the person using the stream without paying, or securing the payment of the toll so demanded, becomes a trespasser.

Previous to the passage of this Act the Loyalsock creek had been declared to be a public highway, so that all persons had the right to float logs and lumber on the waters thereof free of charge. This bill sought to destroy that right. Thenceforth the use of the water to float lumber thereon was to be charged with the payment of tolls to the corporation. Citizens who had previously enjoyed the untrammelled use of the water for purposes of navigation, and others who may have expected to so use it, were deprived of that right without any notice. The title contained no reference to the Loyalsock creek, nor to the improvement of the navigation of any stream. So far as the title shows, the body of the bill could as well be applied to a stream in any one of the counties of Erie, Philadelphia, Greene or Wayne, as in the counties of Lycoming or Sullivan. It gave no notice to the inhabitants of the latter two counties that the purpose of the bill was to deprive them of any of the rights and privileges which they enjoyed. The language of the title is such as to indicate that it was not designed to clearly express the subject of the bill; but, on the contrary, it was chosen to conceal the subject and purpose of the bill. It is fair to presume the title was so framed to prevent the opposition which might, and undoubtedly would, have been made to the passage of the bill had the title reasonably expressed the subject or object thereof. To hold this title sufficiently expressed the subject of the bill which followed, would be a gross perversion of the mandate of the Constitution.

The general power of the legislature to incorporate a company for the improvement of the navigation of a stream is unquestioned in this case. It does not arise. The objection is to the unconstitutional manner in which the attempt was made to exercise that power.

As the view we take is fatal to a recovery it is not necessary to consider the assignments of error involving other questions.

Judgment reversed.