RAGIO *v.* THE STATE.

*(Nashville.    January 17th, 1888.)*

1. CONSTITUTIONAL LAW.    *Legislative acts.    Duplicity.    "Barbering"
    and "bathing," on Sunday.*

   The Acts of 1887, Chapter 106, making it a "misdemeanor for any one,
   engaged in the business of a barber, to shave, shampoo, cut hair, or
   keep open their bath-rooms on Sunday," is void, because it embraces
   *two distinct subjects*, to wit: "barbering," and "bathing," in viola-
   tion of Article II., Section 17, of the State Constitution.

   Cited: Constitution, Art. II., Sec. 17; Acts 1887, Ch. 106.

   Cases cited and approved: State *v.* McCann, 4 Lea, 1; Murphy *v.* State,
   9 Lea, 379.

   (See Knoxville *v.* Lewis, 12 Lea, 180, and Green *v.* State, 15 Lea, 708,
   declaring Acts void for duplicity; and Cannon *v.* Mathes, 8 Heis.,
   504; State *v.* Lasater, 9 Bax., 584; Luehrman *v.* Shelby County, 2
   Lea, 425; Morrell *v.* Fickle, 3 Lea, 79; State *v.* McConnell, 3 Lea,
   332; State *v.* Whitworth, 8 Lea, 594; Wilson *v.* Benton, 11 Lea, 51;
   Garvin *v.* State, 13 Lea, 162, sustaining acts attacked for duplicity.)

2. SAME.    *Class legislation.*

   An act making it a "misdemeanor for *any one engaged in the business of
   a barber * * * to keep open his bath-rooms on Sunday," but not
   prohibiting other persons to do so, is "class legislation," and violates
   Article XI., Section 8, of the State Constitution, and is void.

   Cited: Constitution, Art. XI., Sec. 8; Acts 1887, Ch. 106.

   (See Constitution, Art. I., Sec. 8; 16 Lea, 71; 15 Lea, 710; 14 Lea,
   520; 13 Lea, 228; 12 Lea, 368; 7 Lea, 561; 4 Lea, 316; 9 Bax.,
   239; 12 Heis., 1; 6 Heis., 186; 2 Head, 276.)

FROM DAVIDSON.

Appeal in error from Criminal Court of Da-
vidson County.    G. S. RIDLEY, J.

Ragio *v.* The State.

Ragio, a barber, was indicted for violation of the Acts of 1887, Chapter 106, prohibiting barbers to shave, etc., and keep open their bath-rooms on Sunday. Motion to quash the indictment, raising the question as to the constitutionality of said act, was overruled.

Defendant was convicted, and appealed.

ANDREW J. CALDWELL and ELI T. MORRIS for Ragio.

Attorney-General PICKLE for State.

TURNEY, C. J. Plaintiff in error was indicted for shaving a customer on Sunday in violation of the act, entitled "An Act making it a misdemeanor to carry on barbering on Sunday," and is: "That it shall be a misdemeanor for any one engaged in the business of a barber to shave, shampoo, cut hair, or keep open their bath-rooms on Sunday; that any one found guilty of violating the first section shall be fined," etc. Acts, 1887, Chapter 106.

Section 17 of Article II. of the Constitution ordains: "No bill shall become a law which embraces more than one subject, that subject to be expressed in the title."

We think the act obnoxious to the objection of non-conformity to the Constitution. We are unable to understand that "barbering" and "bathing," or "barber shop" and "bath house," are

either synonymous or convertible terms. The subject in the title is barbering; the subjects in the body of the act are barbering and bath-rooms. There is nothing in the proof that in anywise tends to make a barber-shop a bath-room, or show that the term barbering includes it. While it may be as argued, but of which there is no proof, that a bath-room is a common attachment to a barber-shop in cities, it is not commonly true of towns and villages.

When we see two things so distinct in their uses, we are constrained to hold them to be two subjects, in the absence of the proof of custom making them several parts of one head, and together constituting one whole, and therefore properly "one subject" for legislation. In our towns and villages we know that frequently post-offices are kept in stores, law offices, the offices of physicians, drug establishments, shoe shops, etc.; that we often see one man a druggist, a dry goods merchant, a seller of agricultural implements, a news dealer, and a retailer of liquors, cigars, etc.

Now, suppose the Legislature shall see proper to enact a law, entitled "An act making it a misdemeanor to retail liquors on Sunday," and in the body of the act should declare it a misdemeanor for any one engaged in the business of tippling to retail any liquors, drugs, boots, shoes, dry goods, agricultural implements, newspapers, periodicals, and pamphlets, or cigars, etc., on Sunday, could it be said that because it was the custom for one man

to pursue the several businesses that therefore all came under the head of and made the one subject "retailing?" Certainly not. Then, if the multiplicity in the supposed case would destroy the legislation, the duality of this act is equally fatal to its constitutional validity.

While it is the rule of courts to solve all doubts in favor of the constitutionality of legislative acts, this case does not fall within that rule, as it is also a duty to recognize and observe the popular signification of, and distinction in, names. This act is leveled at the act of "barbering on Sunday," which means the act of "one whose occupation is to shave the beard and cut and dress the hair of others" (Webster's Dictionary), and cannot be construed to include bath-rooms, which are "apartments for bathing." *Ibid.*

The bill containing the defects suggested did not and could not become a law. This Court, in *State* v. *McCann*, 4 Lea, 2, said:

"If an act contains more than one subject, and only one subject is expressed in the title, the whole act is a nullity."

This exact declaration was repeated in *Murphy* v. *State*, 9 Lea, 379. There are at least two other cases to the same effect. We are not able to see how a different interpretation could be given.

By Section 8, of Article XI., of the Constitution, it is ordained: "The Legislature shall have no power to suspend any general law for the benefit

of any particular individual, nor to pass any law for the benefit of individuals, inconsistent with the general laws of the land; nor to pass any law granting to any individual, or individuals, rights, privileges, immunities, or exemptions, other than such as may be by the same law extended to any member of the community who may be able to bring himself within the provisions of such law."

This act, if operative, is for the benefit of all individuals (barbers excepted) who may see fit to keep and use bath-rooms for profit. We know that all best hotels have bath-rooms for the use of guests; that they receive pay for baths, and permit them on Sunday; that in many cases a barber has his shop and bath-rooms under the roof and in parts of the building in which the hotel and its bath-rooms are kept, occupied, and used. So if the act is to be enforced as the law, it will apply alone to barbers with its penalties and punishments, while the inn-keeper may with impunity use and keep open his bath-rooms on the same floor and equally public.

Under the act, every other individual than one engaged in barbering may establish and keep open on Sunday any number of bath-rooms, and may even buy or rent those now used by the proscribed barber, in or out of a hotel building, continue its use as a bath-room, and keep it open as such on Sunday. The act falls strictly within the ordinance in its tacit but distinct and unequivocal res-

ervation of rights, privileges, immunities, and exemptions to all classes of individuals except those "engaged in the business of barbering." For this, as well as upon the first ground, it is void.

The judgment is reversed, demurrer sustained, indictment quashed, and the accused discharged.