WITZMANN, *Appellant*, v. THE SOUTHERN RAILWAY COMPANY.

## Division Two, December 17, 1895.

Constitution: STATUTES: TITLE: RAILROAD. The act of the General Assembly, approved March 3, 1869, is entitled, "An act to regulate the sale of tickets, the rate of fare to be charged, and taxes and licenses to be paid by street railroad companies in the city of St. Louis." Section 4 of said act provides that "no passenger shall be permitted to get on or off any car by the front platform while the car is in motion, and each car shall be furnished with such adjustable gates or guards as shall effectually prevent passengers from getting on or off the front platform." *Held*, that the provisions of said section are void because they are in violation of article 4, section 32 of the constitution, providing that no law "shall relate to more than one subject, and that shall be expressed in its title."

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*Gerald Griffin* and *A. R. Taylor* for appellant.

(1) The fourth section of the act of 1869 (Session Acts of 1869, p. 207) is valid and not unconstitutional, and the court, therefore, erred in sustaining defendant's motion for new trial. (2) The general subject of the title of the act of 1869 is "street railroad companies in the city of St. Louis." (3) All of the provisions of the act relate directly to the general subject of the title, with which they are all connected, and to which they all apply, to wit, "street railroad companies in the city of St. Louis." (4) The fourth section of the act of 1869 is congruous, cognate, and germane to the aforesaid general subject which is expressed in the title,

and, therefore, valid and constitutional. 23 Am. and Eng Encyclopedia of Law, pp. 238, 239; *State ex rel. v. Mead*, 71 Mo. 266. (5) The act can not be declared unconstitutional, unless, in the opinion of the court, it is in such plain conflict with the constitution as to leave no discretion to the court in the premises. *Dorchester County v. Meekins*, 50 Md. 39; *Wells v. Railroad*, 110 Mo. 286. (6) Long acquiescence in the constitutionality of the act here in question, in respect of its title, is entitled to great weight in determining the sufficiency of the title. 23 Am. and Eng. Encyclopedia of Law, p. 234; *Continental Imp. Co. v. Phelps*, 47 Mich. 299; Cooley's Const. Lim. [6 Ed.] 81; *Stuart v. Laird*, 1 Cranch (U. S.), 299; *Railroad v. Mills*, 85 Mich. 646; *Martin v. Hunter*, 1 Wheat. (U. S.) 351; *Cohens v. Virginia*, 6 Wheat. (U. S.) 264; *Bank v. Halstead*, 10 Wheat. (U. S.) 51; *Westinghausen v. People*, 44 Mich. 265; *People v. Hammond*, 13 Mich. 256; *Frey v. Michie*, 68 Mich. 323; *People v. Goodwin*, 22 Mich. 500. (7) There is a presumption in favor of the constitutionality of the statute which requires if the statute is susceptible of two constructions, one constitutional and the other not, that the former shall be adopted even though the latter may be the more natural interpretation of the language used. 23 Am. and Eng. Encyclopedia of Law, p. 349; *State v. Simmons Hardware Co.*, 109 Mo. 118; *State v. Pond*, 93 Mo. 606; *State v. Railroad*, 48 Mo. 471; *State v. Able*, 65 Mo. 362.

*Lubke & Muench* for respondent.

(1) The supreme court has jurisdiction of this case only to the extent of deciding finally the constitutional question which the ruling on the motion for a new trial brought forward. The amount in controversy is less than $2,500, because the verdict for

$2,000 fixes the amount. The supreme court has not, therefore, any jurisdiction to review other errors which may have intervened at the trial to the prejudice of respondent. These can be reviewed only by the St. Louis court of appeals upon an independent appeal. *Humes v. Railroad,* 82 Mo. 233; *Kerr v. Simmons,* 82 Mo. 269; *Insurance Co. v. Hill,* 86 Mo. 472. (2) The act of March 3, 1869 (p. 207, Session Acts of 1869), is distinctly a special law applicable to St. Louis only. The subject could have been treated by a general law; and, therefore, the entire act is void. Const. 1865, sec. 27, art. 4; Const. 1875, sec. 53, art. 4. (3) If, however, the act in question is held sufficient as a special law, then its section 4, which is drawn in question in the case at bar, is clearly null and void, for that the subject of gates is not embraced in the title of the act. "No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, but if any subject embraced in an act be not expressed in the title, such act shall be void only as to so much thereof as is not so expressed." Const. 1865, sec. 32, art. 4. Substantially the same provision was inserted in the constitution of 1875. Const. November 30, 1875, sec. 28, art. 4. *State ex rel. v. County Court,* 102 Mo. 531; *State ex rel. v. Schofield,* 41 Mo. 39; *State v. Persinger,* 76 Mo. 346. (4) The appellant's contention that the title of the act of March 3, 1869, should be taken to be "street railroad companies in the city of St. Louis," is unsound. The general subjects treated by the title of this act are tickets, fares, taxes, and licenses as applicable to street railroads in St. Louis. No one would suspect that the body of the act also relates to gates for the safety of passengers. There is no congruity or relation between the subject of gates and the four subjects named in the title. Furthermore, the lawmakers may make the title as

restrictive as they please thereby precluding many matters which might otherwise have come under a general head. *Expressio unius, exclusio alterius.* When the title is thus restricted the courts can not enlarge it. Here the restriction is to tickets, fares, taxes, and licenses; the courts can not add gates. *Mewhater v. Price,* 11 Ind. 199; *Ryerson v. Utley,* 16 Mich. 269; *State v. Kinsella,* 14 Minn. 524; *Rushing v. Sebree,* 12 Bush, 198; *Jones v. Thompson,* 12 Bush, 294; *Grover v. Trustees,* 45 N. J. L. 399. (5) The question of the constitutionality of the section 4 involved in this case is now presented for the first time in this court. It was not presented or considered in *Muehlhausen v. Railroad,* 91 Mo. 332, although it might have been then presented. The respondent in the case at bar was not a party to the *Muehlhausen* case, and is not estopped by what was done or omitted to be done therein.

BURGESS, J.—Plaintiff recovered a verdict before a jury in the circuit court of the city of St. Louis against defendant in the sum of $2,000 for personal injuries alleged to have been sustained by him while a passenger on defendant's car. He alleged in his petition that he was thrown off the front platform of the car and that "said car platform was in a defective condition in that on the right hand side of said car from which the plaintiff was so thrown there was no gate or safeguard, or other appliances to prevent passengers being thrown from said car." The defenses were a general denial, and charges of contributory negligence.

Over the objection and exception of defendant the court at the instance of plaintiff instructed the jury as follows:

"If the jury find from the evidence in this case that on the twenty-ninth day of July, 1892, the defend-

ant was a street railroad company in the city of St. Louis and was using the railway and car herein mentioned for the purpose of carrying passengers for hire; and if the jury further find from the evidence, that on said day the defendant, by its servants in charge of its cars, received the plaintiff as a passenger on defendant's car, to be carried as such passenger to Lafayette avenue and Ninth street, St. Louis, on defendant's line of railway; and if the jury further find from the evidence that defendant was carrying the plaintiff as such passenger on the front platform of said car; and if the jury find from the evidence that the plaintiff paid his fare to defendant's agent or servant in charge of said car, authorized to receive the same; and if the jury further find from the evidence, that whilst the plaintiff was being so carried as such passenger at or near the corner of Lafayette avenue and Eighth street he was, by sudden and unusual jerk or shock of said car, thrown from said car and injured; and if the jury further find from the evidence, that at the time of the plaintiff's injury there was no adjustable gate, or guard on the right-hand side of the front platform of said car, to effectually prevent passengers from getting on or off said car by the front platform, while said car was in motion; and if the jury further find from the evidence that the failure by the defendant to have such adjustable gate or guard, on said right-hand side of said front platform, directly contributed to cause the plaintiff to be so thrown from said car and injured; and if the jury further find from the evidence that the plaintiff at the time that he was thrown from said car was exercising ordinary care, then the plaintiff is entitled to recover.''

Defendant's motion for a new trial assigned, among other grounds therefor, the action of the court

in giving the instruction quoted, and in holding that defendant was required to keep a guard or gate at the front platform of the car. The court sustained the motion for a new trial, and set aside the verdict of the jury, as shown by entry of record, on the sole ground that instructions were given to the jury perdicated on the fourth section of the act of the general assembly entitled, ''An act to regulate the sale of tickets, the rate of fare to be charged, and the taxes and license to be paid by street railroad companies in the city of St. Louis,'' approved March 3, 1869 (Laws, 1869, p. 207), and that said section is unconstitutional and void.

The title of the act is as before stated. The fourth section of said act reads as follows: ''No passenger shall be permitted to get on or off any car by the front platform while the car is in motion, and each car shall be furnished with such adjustable gate or guard as shall effectually prevent it.''

The only question presented by the record for the consideration of this court is as to whether or not said section is in conflict with section 32, article 4, constitution of Missouri of 1865, which provides that, ''no law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title.'' Plaintiff's contention is that the provisions of section 4, although pertaining altogether to the furnishing of adjustable gates or guards for the front platform of cars, and prohibiting passengers from getting on and off at such platforms, relate directly to the general subject of the title, are congruous and germane thereto, and, therefore, valid and constitutional. Upon the other hand the insistence is that the provisions of section 4 are not germane to the title of the act, and, therefore, unconstitutional and void.

Unless an act of the legislature is clearly in conflict with the constitution, it will be upheld, and if there exists a reasonable doubt upon that question, such doubt should be resolved in favor of the constitutionality of the law. In other words, the act should be so construed as to maintain its validity if that can be done by a fair construction of its provisions, but at the same time its title must not be misleading and should give fair notice of its contents. In *Allegheny County Home's Case*, 77 Pa. St. 77, the court said: "If the title fairly gives notice of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary. It need not be an index to the contents, as has often been said."

By the title of the act in question its provisions are restricted to *tickets*, *fares*, *taxes*, and *licenses* as applicable to street railroads in the city of St. Louis, and subjects germane thereto, and by no rule of construction which can reasonably and fairly be given to it can it be held that the provisions of section 4 in regard to gates and guards on such cars are germane to the title of the act, which contains no intimation whatever that any such provisions are to be found in it. The very fact that the words *tickets*, *fares*, *taxes* and *licenses* are used in the title, indicates that the act contains no provision with respect to guards and gates on the platforms of the cars, matters that are entirely foreign to the purpose and intention of the act as shown by its title, hence the act relates to more than one subject, and is in conflict with the constitution. Taking the title of the act as a guide to its provisions, no one would think of finding in it a provision pertaining to attachments or appurtenances to the cars.

Adjudicated cases do not, as a general rule, afford us much assistance in passing upon questions of this character, other than in a general way, as each case

must be adjudged according to its own peculiar facts and the directness or remoteness, as the case may be, of its provisions to matters in consonance with its title. As bearing upon this question only two opinions of this court will be referred to.

In *State ex rel. v. Schofield*, 41 Mo. 39, it was held that in an act entitled, "An act, to provide for appeals in contested election cases," approved February 1, 1867, a provision of the act giving the right of appeal in all other civil cases was not expressed in the title, and was, therefore, inoperative, except in cases of contested elections.

So in *State v. Persinger*, 76 Mo. 346, an act entitled, "An act to change the penalty for disturbances of the peace" on the ground that the act embraced more than one subject, was held insufficient to validate parts of the act which undertook to create a new offense for disturbing the peace.

So, with the act under consideration, it embraces more than one subject, and section 4 in all of its provisions is inharmonious with the title of the act, and is in conflict with the constitution.

In arriving at this conclusion we have not overlooked the fact of the long acquiescence in the constitutionality of the act, which, as insisted by counsel for plaintiff, we concede is entitled to great weight in its favor when passing upon its validity, but the provisions of said section are so manifestly in conflict with the constitution that we feel bound to so declare and to hold it void upon that ground. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.