## Burzo *v.* State of Indiana.

[No. 23,882. Filed April 29, 1921. Rehearing denied November 1, 1921.]

1. INTOXICATING LIQUORS.—*Wine for Domestic Consumption.*— *Manufacture and Possession.*—*Statutes.*—Under §§5, 35 of the Prohibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918), one has a right to make and keep for his own domestic use and consumption regardless of its alcoholic content, and there is no restriction upon the amount of such wine which may be kept in the owner's home. p. 322.

2. INTOXICATING LIQUORS.—*Keeping for Sale.*—*Evidence of Intent.*—*Quantity of Liquor in Defendant's Possession.*—*Statutes.* —The mere finding of a large amount of wine in defendant's home does not indicate an intention to keep such wine for sale, in view of §35 of the Prohibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918.)  p. 323.

3. INTOXICATING LIQUORS.—*Keeping for Sale.*—*Evidence.*—*Statutes.*—In a prosecution for a violation of §4 of the Prohibition Act (Acts 1917 p. 15 §8356a *et seq.* Burns' Supp. 1918), making it an offense to keep any intoxicating liquor with intent to sell, where there was evidence from which the court may have found that defendant had actually sold a quantity of wine, such sale would be some evidence that a large quantity of wine found in defendant's residence was kept with intent to sell. p. 323.

4. INTOXICATING LIQUORS.—*Keeping with Intent to Sell.*—*Evidence.*—*Proof of Alcoholic Content.*—*Statutes.*—In a prosecution for a violation of §4 of the Prohibition Act (Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918), making it unlawful to keep intoxicating liquor with intent to sell it, intoxicating liquor being defined as any liquor containing so much as one-half of one per cent of alcohol by volume, where defendant was charged with unlawfully keeping for sale a large quantity of wine found in his residence, proof that the wine contained a greater alcoholic content than that allowed by the act was not required to sustain a conviction, since §§5, 35 of the act, permitting any person to manufacture wine for his own domestic consumption and keep such wine in his own home for such use, without limit as to quantity, clearly shows that wine is expressly within the definition and prohibition of the statute; the word "wine," when used without any qualification, meaning the fermented juice of the grape. p. 323.

From Marion Criminal Court (51,182); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Mike Burzo. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Felt & Forney,* for appellant.

*U. S. Lesh,* Attorney-General, and *A. G. Cavins,* for the state.

WILLOUGHBY, C. J.—The appellant was convicted of a violation of §4, Acts 1917 p. 15, §8356a *et seq.* Burns'

Supp. 1918, entitled "An act prohibiting the manufacture, sale, gift, advertisement or transportation of intoxicating liquor except for certain purposes and under certain conditions."

The affidavit upon which the conviction was obtained omitting the caption and signature, is as follows:

"The affiant aforesaid upon his oath says, that Mike Burzo, at and in the city and county and state aforesaid did then and there unlawfully keep and have in his possession intoxicating liquor, to wit: whiskey, gin, wine and beer with intent then and there to sell, barter, exchange, give away, furnish, and otherwise dispose of the same to persons to the affiant unknown within this state."

The trial was by the court without a jury. The defendant was found guilty, and his punishment fixed at a fine of $100 and costs, and imprisonment on the Indiana State Farm for a term of sixty days. Judgment was rendered on this finding and from such judgment the appellant appeals and assigns as error that the court erred in overruling his motion for a new trial. The appellant claims that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The prosecuting witness and the defendant are the only witnesses testifying in this case. The prosecuting witness testified that he was a member of the police force of Indianapolis at the time of the arrest of the appellant and that the appellant lived in the rear of a pool room run by some one else; that back of the pool room there is a side door into the building from Davidson street; that on the day he arrested the defendant, February 15, 1920, he saw a man named Myers standing in the door. Appellant was present when witness spoke to the man who said he wanted to see Burzo, and said he wanted some wine. He said he had wine in the

bottle in his pocket and that he got it from Mike Burzo. The witness asked Mike if it was the truth that he gave him this wine and he said, Yes. He was then asked what he charged for it and he said $1.50 and he said he gave it to him because he came to him and told him his mother or wife was sick and he wanted it for medical purposes, and he sold it to him as an accommodation more than anything else.

In the back room where Burzo lived there was twenty-four quarts and one gallon jar of wine. The conversation with Myers took place in the gangway that leads upstairs in the presence of Mike and his little child. Mike was arrested in the pool room. Mike said the wine was for his own use. The defendant testified in his own behalf in substance, as follows:

That he lives at 539 E. Georgia street and owns the property; that he occupies the rear part of the building, his wife is dead and his little son lives with him; that the pool room was rented through an agent and he has nothing to do with that part of the building; that he made some wine for his own use and had it in the building where he lived. He then continued as follows: "I was in the pool room when the officer came in. My door was locked. I opened the door and told him I lived there. The officer put me out of my room. Myers was in my room. He never said anything there at the house. In the hallway there is one door that goes to the pool room, and one to my room. I did not see Myers have any wine at all and he never got any wine from me. I did not give or sell him any wine. I made the wine for my own use and used it myself."

It appears from the conversation detailed in the testimony of the prosecuting witness that the defendant stated that he had sold wine at the place mentioned as his residence and gave an excuse for so doing. By the provisions of §§5 and 35 of the

1.

Prohibition Act (Acts 1917 p. 15, *supra*), the defendant had a right to make and keep for his own domestic use and consumption wine without regard to the amount of alcohol contained in it and he was not restricted in the amount of such wine to be kept by him for such domestic consumption, but might keep in his own home all wine manufactured for his own domestic consumption. It is claimed by the state that the amount of wine found in defendant's residence indicates an intention to keep such wine for sale. But an examination of §35 of the Prohibition Act (Acts 1917 p. 15, *supra*) refutes this claim. However, from the evidence the court may have found that a sale of such wine actually took place under the circumstances detailed in the testimony of the prosecuting witness, and such sale, if it took place, would be some evidence that the wine was kept for the unlawful purpose charged in the affidavit. Appellant claims that there is no evidence tending to prove that the substance called wine found in possession of defendant was intoxicating or that it contained so much as one-half of one per cent. of alcohol by volume, and that such proof was necessary to bring it within the purview of the statute. This contention is not sound. We think certain provisions found in §§5 and 35, *supra*, of the act, permitting any person to manufacture wine for his own domestic consumption, and keep such wine in his home for such use, without limit as to quantity, clearly shows that wine is expressly within the definition and prohibition of the statute.

Wine is defined as the fermented juice of the grape. Standard Dictionary. When the word is used without any qualification, we cannot say that it has a different meaning.

There is some evidence sustaining every essential element of the offense. Judgment affirmed.