## CRABBS v. STATE OF INDIANA.

[No. 24,126. Filed April 19, 1923. Rehearing denied May 31, 1923.]

2. STATUTES.—*Amending Act.*—*Intention.*—If an amendment to an act violates a provision of the Constitution concerning the sufficiency of the title, it is void, regardless of the intention of the legislature in adopting it. p. 253.

4. STATUTES.—*Title.*—Article 4, §19 of the Constitution aims only at titles narrower than the enactment, the unnecessary breadth of the title being ordinarily no objection to it. p. 255.

5. STATUTES.—*Title.*—If the title to an act covers a general subject it need not mention all matters that are germane to such subject, nor is it necessary that details be mentioned in the title.   p. 255.

6. STATUTES.—*Title.—Subject.*—The purpose of the provision of Art. 4, §19 of the Constitution requiring the subject of an act to be expressed in the title, is to prevent surprise and apprise the people of the subject of legislation under consideration. p. 255.

7. STATUTES.—*Amendment.—Title.*—The title of Acts 1917 p. 15 being restrictive and describing several crimes relating to intoxicating liquor, the attempt of the legislature to amend the act in 1921 creating an additional crime not embraced within the title of the 1917 act, without amending such title, would be a violation of Art. 4, §19 of the Constitution requiring the subject of an act to be expressed in the title.   p. 256.

8. CRIMINAL LAW.—*Affidavit.*—It is a constitutional right of defendant to demand the nature and cause of an accusation against him and to have a copy thereof.   p. 257.

9. INTOXICATING LIQUOR.—*Affidavit.—Sufficiency.*—An affidavit founded on Acts 1917 p. 15, as amended by Acts 1921 p. 736, which charges merely the possession of intoxicating liquor, is defective in not alleging the purpose for which the liquor was possessed.   p. 257.

From Delaware Circuit Court; *W. A. Thompson,* Judge.

Prosecution by the State of Indiana against Robert Crabbs for the unlawful possession of intoxicating liquor.   From a judgment of conviction, the defendant appeals.   *Reversed, with directions to quash the affidavit.*

*F. Clayton Mansfield,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *W. P. Evans,* for the State.

WILLOUGHBY, J.—This was a prosecution commenced by affidavit filed on October 22, 1921, in the Delaware Circuit Court charging that Robert Crabbs, "on or about the 22nd day of October, 1921, at and in the county of Delaware, State of Indiana, did then and

there unlawfully keep and have in his possession intoxicating liquor, in violation of the laws of the State of Indiana."

The defendant made a motion to quash the affidavit, assigning two reasons: First, that the facts stated in the affidavit do not constitute a public offense; second, that the affidavit does not state the offense charged with sufficient certainty. The motion to quash was overruled and exceptions reserved. Defendant entered a plea of not guilty and a trial by jury resulted in a verdict of guilty. A motion for a new trial was overruled and judgment rendered on the verdict, and from such judgment this appeal is taken.

The first question presented is the sufficiency of the affidavit as against the motion to quash.

The affidavit is based on §4, of chapter 4, of the acts of 1917, §8356a et seq. Burns' Supp. 1918, Acts 1917 p. 15, as amended by §1 of the acts of 1921, §8356d Burns' Supp. 1921, Acts 1921 p. 736. The contention arises upon the first sentence of §4, of the acts of 1917, Acts 1917 p. 15, supra. In the act of 1917, supra, this sentence is as follows: "That after the 2nd day of April, 1918, it shall be unlawful for any person to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, or to keep any intoxicating liquor with intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided." In the act of 1921, §8356d Burns' Supp. 1921, supra, that sentence is amended to read as follows: "It shall be unlawful for any person to manufacture, transport[,] possess, sell, barter, exchange, give away, furnish or otherwise dispose of any intoxicating liquor, or to possess or to keep any intoxicating liquors with the intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same, except as in this act provided."

The title to the act of 1917, §8356a *et seq.* Burns' Supp. 1918, *supra,* is as follows: "An act prohibiting the manufacture, sale, gift, advertisement, or transportation of intoxicating liquor except for certain purposes and under certain conditions." The act of 1921, §8356d Burns' Supp. 1921, *supra,* did not amend this title.

Section 5, of the acts of 1917, §8356a *et seq.* Burns' Supp. 1918, *supra,* provides as follows: "The provisions of this act shall not be construed to prohibit any person from manufacturing, for his own domestic consumption wine or cider; or to prohibit the manufacture of vinegar and nonintoxicating cider for use or sale." It also contains the following provision: "Nor shall this act be construed to prohibit a person from giving intoxicating liquor to a guest in his own home which is not a place of public resort." This section was amended by the acts of 1921, §8356e Burns' Supp. 1921, Acts 1921 p. 736, by striking out the words, "for his own domestic consumption, wine," and the clause "nor shall this act be construed to prohibit a person from giving intoxicating liquor to a guest in his own home which is not a place of public resort." There were other changes in the section but none of them pertinent to the question here at issue.

Section 35 of the acts of 1917, §8356a *et seq.* Burns' Supp. 1918, *supra,* was not amended by the act of 1921, Acts 1921 p. 736, and is as follows:

"Within ten (10) days after the date when this act has become operative, every person except licensed pharmacists, wholesale druggists, manufacturing chemists or public hospitals shall remove or cause to be removed all intoxicating liquors in his possession from the state and failure to do so shall be *prima facie* evidence that such liquor is kept therein for the purpose of being sold, bartered, exchanged, given away, furnished or otherwise disposed of in violation of the pro-

visions of this act: Provided, however, That this section shall not apply to alcohol kept for chemical or manufacturing purposes, or to one (1) gallon of intoxicating liquor, other than beer, or twelve (12) quarts of beer, or all wine manufactured for his own domestic consumption kept in his own home for domestic use, held by an individual; and provided further, That any licensed pharmacist, wholesale druggist, manufacturing chemist or public hospital shall report to the clerk of the circuit court within said ten (10) days period the kinds and amount of intoxicating liquor on hand.''

An examination of sections 4, 5, and 35 of chapter 4, of the act of 1917, §8356a et seq. Burns' Supp. 1918, *supra,* is convincing that it was not the intention of the legislature by that act to make the mere possession of intoxicating liquor unlawful and that such possession was not made unlawful.

1.

In *Kocher* v. *State* (1920), 189 Ind. 578, the court holds that the mere possession of less than one gallon of intoxicating liquor is not unlawful. The court in that case says: "It is true that the mere possession of less than one gallon of intoxicating liquor is not unlawful, but it may be unlawful if kept with the intent of disposition contrary to law." See, also, *Burzo* v. *State* (1921), 191 Ind. 319, 130 N. E. 796; *Ward* v. *State* (1919), 188 Ind. 606; *Reed* v. *State* (1920), 189 Ind. 98; *Callender* v. *State* (1923), ante 91.

The state contends that, if the act of 1917 did not make the mere possession of intoxicating liquor unlawful, the amendment of 1921 of said act does make such possession unlawful. This the defendant denies and claims that §4 of said act (Act 1917 p. 15, *supra*) as amended cannot be construed as making the mere possession of intoxicating liquor unlawful.

In *Clare* v. *State* (1879), 68 Ind. 17, it is stated that the true rule in the construction of statutes as recog-

nized in many decisions of this court is to make
2. the legislative intention in the enactment of particular statutes the chief guide of the court in
the interpretation and construction. But it must be
borne in mind that, if an act of the legislature violates
a provision of the constitution of this state or is in conflict with it, the act is void, no matter what the intention
of the legislature may have been in passing it.

In *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc., R.
Co.* (1913), 179 Ind. 356, 367, (44 L. R. A. [N. S.] 816,
Ann. Cas. 1915D 917) on page 367, the court says: "The
legislative intention, once ascertained, must be given
effect if not violative of the constitution."

In construing the act of 1921, Acts 1921 p. 736, we
are required to examine the act of 1917, §8356a *et seq.*
Burns' Supp. 1918, *supra,* which it amends. The
3. title to that act must be taken into account in
construing the act. The constitution of the State
of Indiana, (Article 4, §19 Constitution) contains the
following provision, viz.· "Every act shall embrace
but one subject and matters properly connected therewith, which subject shall be expressed in the title. But
if any subject shall be embraced in an act which shall
not be expressed in the title, such act shall be void only
as to so much thereof as shall not be expressed in the
title."

This provision is found in the constitution of many
other states. In the constitutions of a large majority
of the states are found provisions relating to the title
and singleness of the subject-matter of legislative acts.
It is not uniformly expressed in the same words, but
it is in substance the same. Sutherland, Statutory
Construction p. 83, §76.

Under this clause of the constitution the title becomes an indispensable part of every act. Sutherland,
Statutory Construction p. 94, §87, says: "It is re-

quired not only that an act shall contain but one subject, but that that subject be expressed in the title. The title, thus made a part of each act, must agree with it by expressing its subject; the title will fix bounds to the purview, for it cannot exceed the title-subject, nor be contrary to it. An act will not be so construed as to extend its operations beyond the purpose expressed in the title. It is not enough that the act embraces but a single subject or object, and that all its parts are germane; the title must express that subject and comprehensively enough to include all the provisions in the body of the act. The unity and compass of the subject must, therefore, always be considered with reference to both title and purview. * * * The title cannot be enlarged by construction when too narrow to cover all the provisions in the enacting part, nor can the purview be contracted by construction to fit the title; but the title, if not delusively general, may be sufficient though more extensive than the purview."

In Cooley, Constitutional Limitations (6th ed.) 178, it is said: "As the legislature may make the title to an act as restrictive as they please, it is obvious that they may sometimes so frame it as to preclude many matters being included in the act which might with entire propriety have been embraced in one enactment with the matters indicated by the title, but which must now be excluded because the title has been made unnecessarily restrictive. The courts cannot enlarge the scope of the title; they are vested with no dispensing power; the constitution has made the title the conclusive index to the legislative intent as to what shall have operation; it is no answer to say that the title might have been made more comprehensive, if in fact, the legislature have not seen fit to make it so."

It should be borne in mind that Art. 4, §19, of the Constitution aims only at titles narrower than the enact-

ment. The unnecessary breadth of the title is ordinarily no objection to it. Cooley, Constitutional Limitations (6th ed.) 172; *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc., R. Co., supra.*

The generality of a title is no objection to it so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection. If the title to an act covers a general subject it need not go further and mention all matters that are germane to such subject nor is it necessary that details be mentioned in the title to the act. *Clark, Rec.,* v. *Darr* (1901), 156 Ind. 692, 60 N. E. 688; *State* v. *Bailey* (1901), 157 Ind. 324, 59 L. R. A. 435; *Isenhour* v. *State* (1901), 157 Ind. 517, 87 Am. St. 228; *Parks* v. *State* (1902), 159 Ind. 211, 59 L. R. A. 190; *Republic Iron, etc., Co.* v. *State* (1903), 160 Ind. 379, 62 L. R. A. 136; *Baltimore, etc., R. Co.* v. *Town of Whiting* (1903), 161 Ind. 228.

The title to the act of 1917 (Acts 1917 p. 15, *supra*) is restrictive. The act is confined to the things expressed in the title and makes certain things connected with the possession of intoxicating liquor unlawful, but it does not make the mere possession of intoxicating liquor a criminal offense. The act of 1921, (Acts 1921 p. 736, *supra*) amending the act of 1917, *supra,* could not create a crime which was not embraced within the title to the act of 1917, *supra,* without amending the title. The purpose of Art. 4, §19, of the Constitution of Indiana was to prevent surprise or fraud in the legislature by means of a provision or provisions in a bill of which the title gave no information and to apprise the people of the subject of legislation under consideration.

To hold that the amendment of 1921, *supra,* made the mere possession of intoxicating liquor unlawful is

to hold that the legislature of 1921 had a right
**7.** to create an additional crime, and prescribe the
punishment for it by an amendment to the act
of 1917, *supra,* which was not embraced within the title
to the act of 1917, and without amending the title to
such act. This we hold would be a violation of Art. 4,
§19, of the Constitution of Indiana.

Among the cases decided by our Supreme Court based
upon that constitutional provision are the following:
*Mewherter* v. *Price* (1858), 11 Ind. 199; *State* v. *Young*
(1874), 47 Ind. 150; *Foley* v. *State* (1857), 9 Ind. 363;
*Gillespie* v. *State* (1857), 9 Ind. 380; *Fleming* v. *Greener*
(1909), 173 Ind. 260, 140 Am. St. 254, 21 Ann. Cas.
959; *Henderson, Aud.,* v. *London, etc., Ins. Co.* (1893),
135 Ind. 23, 20 L. R. A. 827, 41 Am. St. 410; *Wabash
R. Co.* v. *Young* (1904), 162 Ind. 102, 4 L. R. A. (N.
S.) 1091; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906),
168 Ind. 438; *State, ex rel.,* v. *Commercial Ins. Co.*
(1902), 158 Ind. 680; *State* v. *Dorsey* (1906), 167 Ind.
199; *Grubbs* v. *State* (1865), 24 Ind. 295.

Some of the decisions in other states having a consti-
tutional provision substantially like our own, where
such provision has received consideration, are: *Jones*
v. *Thompson's Ex'r.* (1876), 12 Bush (75 Ky.) 394;
*Rushing* v. *Sebree* (1876), 12 Bush (75 Ky.) 198; *State*
v. *Kinsella* (1869), 14 Minn. 524 (Gil. 395); *Ryerson*
v. *Utley* (1867), 16 Mich. 269; *People* v. *Denahy* (1870),
20 Mich. 349; *People* v. *Gadway* (1886), 61 Mich. 285,
28 N. W. 101, 1 Am. St. 578; *In re Hauck* (1888), 70
Mich. 396, 38 N. W. 269; *Anderson* v. *Hill* (1884),
54 Mich. 477, 20 N. W. 549; *N. W. Mfg. Co.* v. *Wayne
Circuit Judge* (1885), 58 Mich. 381, 25 N. W. 372, 55
Am. Rep. 693; *Weaver* v. *Lapsley* (1869), 43 Ala. 224;
*Tuskaloosa Bridge Co.* v. *Olmstead* (1867), 41 Ala. 9;
*Miller* v. *Jones* (1885), 80 Ala. 89; *Rogers* v. *Mfg. Im-
provement Co.* (1885), 109 Pa. 109, 1 Atl. 344;

*Sewickley Borough* v. *Sholes* (1887), 118 Pa. 165, 12 Atl. 302; *State* v. *Squires* (1868), 26 Iowa 340; *Cantril* v. *Sainer* (1882), 59 Iowa 26, 12 N. W. 753; *State, ex rel.,* v. *Lafayette County Ct.* (1867), 41 Mo. 39; *Ragio* v. *State* (1888), 86 Tenn. 272, 6 S. W. 401; *In re Paul* (1883), 94 N. Y. 497; *Grover* v. *Ocean Grove Assn.* (1883), 45 N. J. Law 399; *Jersey City* v. *Elmendorf* (1885), 47 N. J. Law 283; *Savannah, etc., R. Co.* v. *Geiger* (1886), 21 Fla. 669, 58 Am. Rep. 697.

Under the act of 1917, *supra,* as amended by the act of 1921, *supra,* the mere possession of intoxicating liquor is not unlawful.

The affidavit in this case alleges that the keeping and possession of intoxicating liquor by the appellant was unlawful, but it does not say why it was unlawful. To be unlawfully kept and possessed it must have been kept and possessed for one or more of the unlawful purposes mentioned in the act of 1917, *supra,* that is, the keeping and possession must have been with the intent to sell, barter, exchange, give away, or otherwise dispose of the same.

It is claimed by the appellant that the offense is not described with sufficient certainty. It is a constitutional right of the defendant to demand the nature and cause of an accusation against him and to have a copy thereof. Art. 1, §13, Constitution of Indiana; *McLaughlin* v. *State* (1873), 45 Ind. 338.

8.

The affidavit is defective in not defining the offense more particularly so as to make it appear upon what acts of the defendant, alleged to be criminal, the affidavit is founded, so as to enable the defendant to prepare for his defense, and to plead the conviction or acquittal in his protection should he be charged again with the same offense. In this case it must allege the unlawful purpose for which said intoxi-

9.

cating liquor was kept and possessed; failing to do so, the offense is not stated with sufficient certainty. Appellant's motion to quash should have been sustained.

Judgment reversed, with instructions to sustain appellant's motion to quash the affidavit.