BACHELOR v. STATE OF INDIANA.

[No. 24,074. Filed April 26, 1923.]

INTOXICATING LIQUORS.—*Unlawful Possession.—Affidavit.—Sufficiency.—Statutes.*—An affidavit, predicated on §8356d Burns' Supp. 1921, Acts 1921 p. 736, charging that defendant, at a specified time and place, did then and there "unlawfully possess intoxicating liquor in violation of the laws of the State of Indiana," *held* insufficient as against a motion to quash on the ground that the facts stated in the affidavit do not constitute a public offense, and that the offense is not stated with sufficient certainty.

From Delaware Circuit Court; *W. A. Thompson,* Judge.

Prosecution by the State of Indiana against Elmer Bachelor. From a judgment of conviction, the defendant appeals. *Reversed.*

*John T. Walterhouse* and *Thomas V. Miller,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted of a violation of the prohibition law. The affidavit is predicated on chapter 250, §1, of the acts of 1921, Acts 1921 p. 736, §8356d Burns' Supp. 1921, and the charging part of said affidavit is as follows: "That Elmer Bachelor, on or about the 17th day of September, 1921, at and in the county of Delaware, State of Indiana, did then and there unlawfully possess intoxicating liquor in violation of the laws of the State of Indiana."

The defendant moved to quash the affidavit upon the following grounds: That the facts stated in said affidavit do not constitute a public offense; and that the affidavit does not state the offense with sufficient certainty. This motion to quash was overruled and proper exceptions taken. A trial by jury resulted in a verdict of guilty. Judgment was rendered on the verdict and from such judgment the defendant appealed, alleging that the court erred in overruling the motion to quash the affidavit.

The questions presented upon this appeal are identical with those considered in the case of Crabbs v. State (1923), post 248, 139 N. E. 180. On the authority of that decision we hold that the trial court in this case erred in overruling appellant's motion to quash.

Judgment reversed, with instructions to sustain the motion to quash.