## REINCHILD v. STATE OF INDIANA.

[No. 24,229.    Filed June 7, 1923.]

STATUTES.— *Title.*— A conviction for the possession of intoxicating liquor under Acts 1917 p. 15 as amended by Acts 1921 p. 736 held invalid, for the reason that the title of the act of 1917 was not sufficiently comprehensive to include the amendment.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Prosecution by the State of Indiana against Russell Reinchild for possession of intoxicating liquor. From a judgment of conviction, the defendant appeals. *Reversed.* (Ewbank, J., dissents.)

*Phil B. O'Niel,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

PER CURIAM.—From a judgment upon a verdict of guilty, under a charge of possessing intoxicating liquor (Acts 1921 p. 736, §8356d Burns' Supp. 1921), appellant appeals and claims error, in the overruling of his motion to quash the affidavit.

On the authority of *Crabbs* v. *State* (1923)., *ante* 248, and *Powell* v. *State* (1923), *ante* 258, the judgment is reversed, with instructions to the trial court to sustain the motion to quash.

Ewbank, J., dissents.

---

## LAMPKINS v. STATE OF INDIANA.

[No. 24,259.    Filed October 12, 1924.]

Maggie Lampkins was prosecuted for a violation of the prohibition law. From a judgment of conviction she appeals. *Reversed.*

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

*Walterhouse & Miller,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

PER CURIAM.—This case is reversed on the authority of *Crabbs* v. *State* (1923), *ante* 248, 139 N. E. 180, and *Powell* v. *State* (1923), *ante* 258, 139 N. E. 670, and the trial court is directed to sustain appellant's motion to quash the affidavit.