TIPTON *v.* THE STATE.

ELECTION.—INFORMATION AGAINST INSPECTOR.—An information against the inspector of an election for refusing to receive a vote must show the purpose for which the election was held.

APPEAL from the *Owen* Common Pleas.

ELLIOTT, C. J.—The appellant was prosecuted and convicted on an information charging that "*Andrew J. Tipton*, on, &c., at, &c., then and there an inspector of an election then holden in *Jefferson* township of said county, did then and there unlawfully, knowingly and willfully refuse to receive the vote of a legal voter offered at said election, to-wit, the vote of *Elisha Fiscus*, being then and there a legal voter at said polls, and then and there offering to vote." The court overruled a motion to quash the information, to which the

appellant excepted. This ruling of the court is assigned for error.

The information is radically defective. It should show for what purpose the election was held at which the appellant acted as inspector. It does not appear from the information that the election was held for any purpose known to the law. The motion to quash should have been sustained. See 2 Bishop's Cr. Pro., § 478. In *Bellair* v. *The State*, 6 Blackf. 104, it was held that "an indictment for betting on the result of an election must state for what purpose the election bet on was held, that is, whether it was for President of the *United States*, for governor of the state," &c. Other questions are discussed by counsel, but their examination is rendered unnecessary, as they do not properly arise under a bad information.

The judgment is reversed, and the cause remanded, with directions to the court below to quash the information.

*A. T. Rose*, for appellant.

*D. E. Williamson*, Attorney General, for the State.