County Court, Kings County, December, 1922. [Vol. 119

COHALAN, S. This appeal is taken by the executrices from the order fixing the transfer tax, on the ground that no allowance was made for the dower interest of the widow in the real property in this state of which decedent died possessed.

The will gives to the widow the income for life in testator's residuary estate, consisting of real and personal property. The executrices, who are the decedent's widow and two daughters, are authorized to sell, mortgage or lease the real estate, or to change the form of any investment, whether of real or personal property. No provision is made for the widow in lieu of dower. She receives under the will a legal life estate. The powers given to the executrices are not inconsistent with her right of dower (*Lewis* v. *Smith*, 9 N. Y. 502–512; *Konvalinka* v. *Schlegel*, 104 id. 125; *Matter of Frazer*, 92 id. 239), for her claim does not conflict with the interest of any other beneficiary under the will. The widow is not bound, therefore, to choose between the testamentary provision and her dower. *Lewis* v. *Smith, supra; Konvalinka* v. *Schlegel, supra; Matter of Springsteen*, 86 Misc. Rep. 389; *Matter of Moeller*, 117 id. 803; *Matter of Bloss*, 100 id. 643. The value of the dower interest should have been deducted. *Matter of Weiler*, 122 N. Y. Supp. 608; affd., 139 App. Div. 905.

The appeal is sustained. The report of the appraiser will be remitted to him in accordance with this decision, or an order may be entered on notice amending the order fixing the transfer tax by making proper allowance and deduction for the value of the dower.

Appeal sustained.

---

PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ARTHUR BALL, Defendant.

County Court, Kings County, December, 1922.

Constitutional law — unlawful search and seizure — when return of property ordered.

The search for and seizure of liquor in a private dwelling can be justified only under a warrant of search and seizure based upon a proper complaint duly verified in accordance with paragraph 2 of section 802-b of the Code of Criminal Procedure.

Defendant, at ten o'clock at night, in response to a knock on the door of his dwelling house, having partly opened the door, four men, two of whom were police officers, pushed it open, passed by defendant and seized a copper boiler and copper tube wrapped in burlap bags, a small keg of whisky, two quarts and eight half pints of whisky in bottles, fifteen gallons of rye mash, one small bottle of gin and seven gallons of cherry wine. After defendant was placed under arrest he was taken to the station house where he was admitted to bail for his appearance at a Magistrate's Court. At said court he waived examination and gave

bail to await the action of the grand jury and to an indictment subsequently found against him pleaded not guilty. *Held,* that the procedure in relation to the search and seizure of the defendant's property was in plain violation of the terms of the statute and upon his motion made before trial an order directing the property clerk of the police department of the city of New York to immediately restore to the defendant said property and enjoining the district attorney and the police department from using the same or any information derived from the said search and seizure, will be granted.

MOTION for return of property alleged to have been seized unlawfully and to prevent its use on the trial.

*John E. Ruston,* district attorney (*Marshall Snyder,* assistant), for People.

*James H. McCabe,* for defendant.

McLAUGHLIN, J. There is no dispute as to the facts. The defendant, Arthur Ball, resides at No. 12 Luqueer street, in the borough of Brooklyn, in a six-family apartment house on the top floor, left, in said building, together with his wife and two children. The premises are occupied as a dwelling and for no other purpose. On or about the 7th day of September, 1922, about ten o'clock in the night thereof, four men appeared at the door of the defendant's dwelling and knocked thereon; the defendant, in response to the knock, partly opened the door and thereupon the four men pushed open the door, passed by the defendant and seized the following property: copper boiler and copper tube wrapped in burlap bags; a small keg of whisky, containing about five gallons; two quarts and eight half pints of whisky in bottles; fifteen gallons of rye mash; one small bottle of gin; seven gallons of cherry wine.

When these men forced their way into the premises, as above stated, one of them proceeded through to the front room of the house. The defendant followed him and asked him: " Are you a burglar or what are you, as you have showed me no credentials for coming into my house." This man thereupon put his hand into his trouser pocket and removed therefrom a shield and displayed it to this deponent, saying at this time: " Here are my credentials; I am a police officer."

Two of these men, whom the defendant subsequently learned were police officers, searched the entire premises and took away the above-named articles from defendant's home and placed him under arrest.

The police officers took the defendant to the Hamilton avenue station house where he was admitted to bail to appear the following morning at the Ninth District Magistrates' Court at Fifth avenue, Brooklyn, N. Y.

On the 8th day of September, 1922, this defendant appeared before a city magistrate at the said Ninth District Magistrates' Court, waived examination therein, and was held for action of the grand jury, being duly admitted to bail by said magistrate. He was subsequently indicted and pleaded " not guilty."

Prior to the trial of the action an order was issued out of this court restraining the district attorney, the police commissioner of the city of New York and the property clerk of the police department of said city from proceeding further herein until a determination of the motion made for an order directing the return of the said articles and property to the defendant.

Search for seizure and forfeiture of intoxicating liquor kept for unlawful traffic is had under section 802-b of the Code of Criminal Procedure. Paragraph 6 thereof provides:

" 6. Whenever a peace officer shall find any person  *  *  *  in the unlawful possession thereof [of intoxicating liquor] *outside of his private dwelling* he may, *without a warrant,* seize any and all such intoxicating liquor and the vessels containing the same and any property designed for the manufacture of such liquor."

The search and seizure here was of and in a *private dwelling* and would have been justified only under a warrant of search and seizure based upon a proper complaint duly verified all in accordance with paragraph 2 of the said section.

The dwellings and premises of citizens are under the highest protection against search, and may not be invaded with impunity save on full compliance with all constitutional and statutory requirements. *Johnson* v. *Comstock,* 14 Hun, 238; *People* v. *De Vasto,* 198 id. 620.

The procedure in proceedings of this character is entirely statutory. The procedure here was in plain violation of the terms of the statute. This motion made before trial is timely and is granted, and an order will be made herein directing the property clerk of the police department of the city of New York to immediately restore to the defendant, Arthur Ball, the said property and enjoining the district attorney of the county of Kings and the police department from using said property or any information derived from said search and seizure against the defendant.

Ordered accordingly.