## GMEINER *v.* STATE OF INDIANA.

[No. 24,510. Filed December 8, 1925.]

1. INTOXICATING LIQUORS.—*Testimony held sufficient to sustain conviction of unlawful possession of still although search warrant was not introduced in evidence.*—Testimony of a police officer that he and other officers, with a search warrant to search the premises, entered the defendant's home, in his absence, and found a seventy-five gallon still in operation, a quantity of "white mule" whisky and six barrels of mash, that

they waited until the defendant returned and then read the search warrant to him, was sufficient to sustain a conviction of unlawfully having possession of a still for the manufacture of intoxicating liquor, though the search warrant was not introduced in evidence, where nothing was removed from the premises until after the search warrant was read to the defendant.   p. 45.

2.  SEARCHES AND SEIZURES.—*Homes of inhabitants of this state are not to be invaded except on compliance with all constitutional and statutory, requirements.*—The dwellings and adjacent premises of inhabitants of this state are under the highest protection against unlawful searches and are not to be invaded save and except upon full compliance with all constitutional and statutory requirements.   p. 45.

3.  STATUTES.—*Title of act which will apprise the legislators and the public of the subject-matter of the law is sufficient.*—It is not necessary that the title of an act should furnish a complete index of its contents; it will be sufficient to meet the constitutional requirements if, upon a liberal construction, it is sufficient to apprise the legislators and the public of the subject-matter of the legislation.   p. 46.

4.  INTOXICATING LIQUORS.—*Legislature authorized to prohibit possession of stills or distilling, apparatus for the manufacture of intoxicating, liquor and, therefore, may provide a penalty for such possession.*—Since the legislature has power to forbid the possession of stills or distilling apparatus for the purpose of manufacturing intoxicating liquors, it may enforce such prohibition by an appropriate penalty.   p. 46.

5.  STATUTES.—*Title of act of 1923 concerning stills and distilling apparatus held sufficient.*—The act of 1923 concerning stills and distilling apparatus (Acts 1923 p. 107) was not unconstitutional under Art. 4, §19 of the Constitution, requiring the subject of an act to be expressed in the title, as the words "stills and distilling apparatus" in the title sufficiently cover the provisions of the law making it unlawful to use stills for unlawful purposes.   p. 46.

From Marion Criminal Court (54,725) ; *James A. Collins,* Judge.

Carl Gmeiner was convicted of having possession of a still and distilling apparatus for the manufacture of intoxicating liquor, and he appeals.   *Affirmed.*

*Joseph T. Markey,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

MYERS, J.—Appellant, in the Marion Criminal Court, was charged by indictment, tried and convicted of having in his possession and under his control, and using, a certain still and distilling apparatus for the manufacture of intoxicating liquor, in violation of §1, Acts 1923 p. 107. From a judgment rendered against him, he perfected his appeal to this court, and has assigned as errors the action of the court in overruling his motion to quash the indictment, and the overruling of his motion for a new trial. Insufficient evidence to sustain the decision of the trial court, and that such decision was contrary to law, are the causes relied on to support his motion for a new trial.

If we understand appellant's position on the question of sufficient evidence, it is this: Failure of the state to introduce a search warrant in evidence, and 1, 2. that the officers entered appellant's home and residence in his absence and in the absence of all other persons there residing or in any manner connected with his residence. The evidence on behalf of the state was the testimony of one witness who, without any objection, testified that he, with other officers, went to the residence of appellant and found no one at home; that they had a search warrant to search the premises; that they entered the house and found a seventy-five gallon still in operation, a quantity of white mule whisky and six barrels of mash. The officers waited on appellant's premises until he returned, and then read the search warrant to him.

We cannot say there was not sufficient evidence in this case to support the decision of the court, nor that

such decision was contrary to law on that account. Our attention is called to *Flagg* v. *United States* (1916), 233 Fed. 481, 147 C. C. A. 367, but, unlike the case at bar, the officers arrested the defendant Flagg at his place of business and seized all of his books and papers without warrant or legal process of any kind. In the instant case, it appears that the officers had a search warrant as their authority for entering upon appellant's premises, and it does not appear that anything was removed until after the warrant was read to him. Beyond question, the dwellings and premises of citizens of this state are under the highest protection against search, and are not to be invaded, save and except upon full compliance with all constitutional and statutory requirements. *McSwane* v. *Foreman* (1906), 167 Ind. 171, 176, 78 N. E. 630; *People* v. *Ball* (1922), 198 N. Y. Supp. 332, 119 Misc. Rep. 772.

It is next insisted that the motion to quash should have been sustained on the ground that the facts stated in the indictment do not constitute a public offense, nor state the offense with sufficient certainty. In support of these contentions, it is insisted that the crime defined by the act does not conform to the title, and for that reason the act is unconstitutional. The title is, "An act concerning stills and distilling apparatus, and declaring an emergency." It is true "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title." Art. 4, §19, state Constitution. Appellant supports his contention in this respect by insisting that the words "stills and distilling apparatus" do not furnish information relating to their use in the manufacture of intoxicating liquor or that their possession and use for such purpose constitutes a felony. It is not necessary that the title of an act

furnish a complete index to its contents. It will be sufficient to meet constitutional requirements when, upon a liberal construction, it is sufficient to apprise the legislators and the public in general of the subject-matter of the legislation. Or, in other words, if it be so framed as to reasonably lead to an inquiry into the body of the bill, it is sufficient. *Wright* v. *House* (1919), 188 Ind. 247, 258, 121 N. E. 433; *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180; *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Perrone* v. *State* (1925), 196 Ind. 384, 148 N. E. 412; *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438.

The title of the act here in question, by the use of the words "stills and distilling apparatus," was certainly notice to the legislators and to the public that a law pertaining to such instruments was before the General Assembly for passage. It would hardly be reasonable to suppose that the reading of such a title would not at once lead to an inquiry concerning the object intended by the proposed enactment; nor will it be seriously contended that the legislature is without power to forbid the possession of stills or distilling apparatus, or their use for the purpose of contributing to an act or thing which the lawmaking power has already declared unlawful. Inasmuch as the legislature is authorized to prohibit the possession of stills or distilling apparatus, it must necessarily follow that it has authority to enforce such a prohibition by an appropriate penalty. It seems to us that the title of the act here in question covers the general subject of stills and distilling apparatus, and is sufficient, although it does not mention the object of the law or that penalties are therein fixed. We, therefore, hold that the act is not unconstitutional for want of a sufficient title.

Judgment affirmed.