STATE OF INDIANA *v.* COLEMAN; STATE OF INDIANA *v.* PIERCY

[Nos. 28,442, 28,443. Filed March 25, 1949.]

162

*Cleon H. Foust,* Attorney General, *Merl M. Wall,* Deputy Attorney General, *Judson L. Stark,* Prosecuting Attorney, and *John H. Daily,* of Indianapolis (of counsel), for appellant.

*David M. Lewis, Edwin McClure,* both of Indianapolis, for appellees.

*Edwin Steers, Sr., amicus curiae.*

STARR, C. J.—Each of these causes involved a prosecution for the violation of the Indiana Election Code. This Code was adopted in 1945 and is Chapter 208 of the Acts of the Indiana General Assembly of that year and is §§ 29-2801 to 29-6003, Burns' 1933 (1946 Supp.).

In Cause No. 28442 the appellee, Slathan Coleman, was indicted in two counts. The first count of this indictment charged the appellee with unlawfully entering and remaining in the voting room in election Precinct Five of the Seventh Ward in the City of Indianapolis, during the primary election held May 7, 1946, contrary to that provision of the Indiana Election Code which is set out in § 29-5024, Burns' 1933 (1946 Supp.). The second count thereof charged the appellee with being unlawfully, etc., in possession of certain ballots to be used in said election contrary to that provision of the Indiana Election Code which is set out in § 29-5944, Burns' 1933 (1946 Supp.).

In Cause No. 28443 the appellee, Frank Piercy, was indicted in two counts. In each of these counts he was charged with unlawfully voting in the Ninth Precinct of the Fifteenth Ward of the City of Indianapolis in the said primary election contrary to that provision of

the Indiana Election Code which is set out in § 29-5911, Burns' 1933 (1946 Supp.).

In each of these causes the appellee moved to quash the indictment for the reason: first, that the same did not state facts sufficient to constitute a public offense; second, that the offense was not stated with sufficient certainty. In each cause the motion to quash was sustained. The State has appealed from this ruling in each case and has assigned as error the sustaining of the motion to quash.

These causes were consolidated for the purpose of argument, and we are consolidating them for the purpose of disposing of the questions raised. The questions presented in each of these cases are the same.

To sustain the decision of the trial court, the appellees contend: first, the title of the Indiana Election Code being as above stated, Chapter 208 of the Acts of the Indiana General Assembly of 1945, is not sufficient to cover the provisions contained therein, providing for criminal liability in connection with primary elections; and, second, that each of these indictments fails to show for what purpose the election was held, and due to this fact, the offense was not stated with sufficient certainty. We will consider these questions in their order.

The title to the Indiana Election Code is in the following language:

"An Act concerning elections; providing penalties for the violation thereof, and repealing all conflicting laws."

Section 19, Article 4 of the Constitution of Indiana is as follows:

"Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be

expressed in the title, such act shall be void only
as to so much thereof as shall not be expressed in
the title."

Whether the term "concerning elections" in the title
of this act, or the word "election" as used in the title
of this act is broad enough to include primary elections
and criminal liability in connection therewith, must,
therefore, be decided.

The appellees have cited *Kelso* v. *Cook* (1915), 184
Ind. 173, 110 N. E. 987 wherein this Court held that
"elections" as used in § 2, Art. 2 of our Consti-
tution does not include primary elections. They
have also cited decisions from other jurisdictions
wherein different courts, in construing their statutes
and constitutions, have held likewise. It is our opinion
that these various decisions properly applied the rules
of statutory construction. Under the rules of statutory
construction, the word "elections" might in some in-
stances include primary elections, and in others would
not. For a case where this term has been construed to
include primary elections, see *The State* v. *Hirsch*
(1890), 125 Ind. 207, 24 N. E. 1062. The present case,
however, is not one of statutory construction. The ques-
tion before us is whether or not the title of this act is
sufficient, or whether it is in contravention of said § 19,
Art. 4, of our Constitution. It is our opinion that the
appellees' objection to the title to this act is not well
taken. Our reason for this conclusion is well stated in
the case of *Albert* v. *Milk Control Board of Indiana*
(1936), 210 Ind. 283, 200 N. E. 688 wherein Judge
Hughes, speaking for the Court on page 288, in dis-
cussing this particular section of our Constitution, said:

"The above section has been thoroughly discussed
and passed upon by this court and, as said in many
cases, the purpose of the section is to prevent sur-

prise or fraud in the legislature by means of a provision or provisions in a bill of which the title gave no information and to apprise the people of the subject of legislation under consideration. *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180. And it is also intended to prevent a combination of non-related subjects in the same act. *Sarlls* v. *State ex rel. Trimble* (1929), 201 Ind. 88, 166 N. E. 270. Moreover, 'it is not necessary that the title of an act furnish a complete index to its contents. It will be sufficient to meet constitutional requirements when, upon a liberal construction, it is sufficient to apprise the legislators and the public in general of the subject-matter of the legislation. Or, in other words, if it be so framed as to reasonably lead to an inquiry into the body of the bill, it is sufficient.' *Gmeiner* v. *State* (1925), 197 Ind. 43, 149 N. E. 728; *State* v. *Arnold* (1895), 140 Ind. 628, 38 N. E. 820. It has also been held by this court that where the title relates to a subject which is broad enough to make it possible to comprehend different matters, which might or might not be included in the subject as means to a given end, courts will solve doubtful questions as to the relation of a particular matter to the subject in favor of the legislation. *State ex rel. Western Constr. Co.* v. *Board* (1906), 166 Ind. 162, 76 N. E. 986."

Measured by the foregoing rules, we are convinced that the requirements of the quoted section of our Constitution have been adequately met.

In support of appellees' second objection; namely, that the indictments fail to show for what purpose the election was held, they rely upon the case of *Tipton* v. *The State* (1867), 27 Ind. 492. Whether or not that case was properly decided, it will not be necessary for us to determine. Each of these indictments alleges that the said primary election was held "pursuant to law." In 1905 our Legislature passed an act concerning public offenses. Acts of 1905, ch. 169. Section 186 of this act which is

still in force and which is § 9-1117, Burns' 1942 Replacement, reads as follows:

"When an offense is committed in relation to any election, an indictment or affidavit as to such offense shall be deemed sufficient if it allege that such election was authorized by law, without stating the names of the officers holding the election, or the persons voted for, or the offices to be filled at such election."

By this statute it will be noted that all that is necessary to be alleged is that the election was "authorized by law" which means the same thing as pursuant to law. Clearly, since the enactment of this statute, the rules of pleading laid down in *Tipton* v. *State, supra,* are no longer in force in actions such as we have before us.

In an effort to sustain the trial court, we have examined these indictments for other defects, but find none.

For the foregoing reasons, we decide the trial court erred in sustaining the motion to quash in each of the foregoing cases, and its decision is hereby reversed in each of these cases with orders to take further proceedings in each of them not inconsistent with this opinion.

NOTE.—Reported in 84 N. E. 2d 709.