No. 10,231.

## MEANS v. MEANS.

WARRANTY.—*Breach of.*—*Sale.*—*Contract.*—*Rescission.*—*Promise.*—*Complaint.* —*Measure of Damages.*—A complaint alleged a warranty of a mare, on sale, to be sound in every particular, that she was unsound, incurably diseased, and died, was "of little or no value," but if "sound and all right" would have been worth the price paid. A second paragraph averred the sale, warranty and breach, a rescission of the contract by agreement, and a promise to repay the price and a breach thereof.
*Held,* that both paragraphs were good on demurrer.
*Held,* also, that the first paragraph would admit a recovery of actual damages, which would be the difference between the value of the mare when purchased and what it would have been had she been sound.

From the Shelby Circuit Court.

*J. B. McFadden* and *E. S. Stilwell,* for appellant.

*B. F. Love, H. C. Morrison* and —— *Major,* for appellee.

BEST, C.—The appellee brought this action against the appellant.   The complaint consisted of two paragraphs.   The first alleged, in substance, that the appellee purchased from the appellant a bay mare, for which he paid him $125, by transferring to him a note of $114.60, on one E. H. Stanley, and by paying him $10.40 ; that the appellant at the time warranted the mare to be sound in every particular, but that she was unsound, had the lung fever, was incurably diseased, and a short time thereafter died, without the appellee's fault ; that at the time of the purchase she was of "little or no value," and had she been "sound and all right" she would

have been reasonably worth the sum of $125 ; that the appellee had demanded the repayment of the purchase-money, etc.

The second paragraph alleged, in substance, the purchase, the warranty, the payment of the price and the diseased condition of the mare, as in the first paragraph, and then averred that after such purchase the parties rescinded the contract and the appellant promised to pay the appellee the amount of said note, which he had collected from the maker, and the $10.40 which the appellee had paid him—in all, $125 ; that the same is due and remains unpaid. Wherefore, etc.

The appellant demurred to each paragraph, on the ground that neither of them stated facts. The demurrer was overruled, an answer filed, a trial had and a verdict returned for the appellee for $80. A motion for a new trial was made, overruled, and judgment rendered upon the verdict.

The appellant assigns as error the ruling of the court upon the demurrer and upon the motion for a new trial. These will be noticed in the order of their statement.

The appellant urges several objections to the first paragraph of the complaint. The first is that there is no averment that the mare died from the disease with which she was afflicted when the appellee purchased her. This was not essential to a recovery. If she was diseased as averred there was a breach of the warranty, whether she died, or did not die, from such disease.

The second objection is that the averment that the mare was of "little or no value" at the time she was purchased is not sufficient to show her actual value at the time, and that in the absence of such averment the complaint does not show that any damage was sustained. We think the averments in this respect sufficient. The averment that the mare had the lung fever, that she was incurably diseased, and that she died shortly thereafter, without the appellee's fault, in connection with the averment that she was of "little or no value," was equivalent to an averment that she was of no value.

The third objection is that the complaint does not aver

what the value of the mare would have been had she been sound. The complaint alleges that she would have been worth $125 if she had been "sound and all right," and the appellant insists that the phrase "sound and all right" means much more than the phrase "sound in every particular." We think otherwise. The words "all right," in the connection in which they were used, really added nothing to the word "sound," and the whole of them implied nothing more than the phrase "free from disease." The paragraph in this respect was sufficient.

The next objection urged to this paragraph is that there is no averment that the alleged breach of warranty was brought to the appellant's knowledge before the institution of the suit. This was unnecessary. The suit upon this paragraph is in affirmance of the contract, and in such case no demand is necessary; nor does the law require the plaintiff to inform the defendant that there has been a breach of his contract as a condition precedent to the institution of a suit. There is nothing in this objection. This paragraph of the complaint was sufficient, and the demurrer properly overruled.

The second paragraph of the complaint was clearly good. It proceeded upon the ground that the contract had been rescinded, and sought to recover the price paid as so much money belonging to the appellee. The averments that the mare had been warranted sound, and that there was a breach of the warranty, were unnecessary, and it is wholly immaterial whether they were well pleaded or not. The material averments were that the appellee had paid the appellant $125 for a horse, that the contract had been rescinded, and that the appellant had promised to repay the contract price. These averments were sufficient, and the demurrer was properly overruled.

The court instructed the jury, that if they found for the plaintiff the measure of damages is the difference between the value of the mare at the time she was purchased and what her value would have been had she been sound. The appellant insists that this instruction was wrong, because the pleadings,

Board of Comm'rs of Cass Co. *v.* The Logansport and Rock Creek G. R. Co.

at most, only entitled the appellee to nominal damages.. In this he is mistaken. The pleadings warranted the recovery of substantial damages, and the charge announced the rule correctly. This is the only point made upon the motion for a new trial, and the motion was properly overruled. There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered that the judgment be and it is hereby affirmed, at the appellant's costs.

Petition for a rehearing overruled.