Filed Jan. 9, 1892.

---

No. 463.

THE STATE v. COFFING.

CRIMINAL LAW.—*Using Obscene Language.—Sufficiency of Information.*—An affidavit and information under section 1995, R. S. 1881, for using obscene or licentious language in the presence of a female, set out words which were not in their nature obscene or licentious, unless aided by

The State *v.* Coffing.

extrinsic averments, and the averments did not show in what connection the words were uttered, or that they had any local or provincial meaning.

*Held,* that the affidavit and information were bad on a motion to quash.

From the Fountain Circuit Court.

*J. Bingham,* for the State.

*H. H. Dochterman* and —— *Simms,* for appellee.

REINHARD, J.—This was a prosecution by affidavit and information for using obscene and licentious language in presence of a female. Section 1995, R. S. 1881.

The court below, on motion of the appellee's attorney, quashed the affidavit and information, and the State appeals.

The language charged to have been uttered by the appellee is set out in the affidavit and information, but is not such as to convey a meaning in its nature obscene or licentious, unless aided by extrinsic averments. Penal statutes can not be enlarged by construction so as to make that criminal which is not made so by the express terms thereof. *Fahnestock* v. *State,* 102 Ind. 156.

That the words were intended and understood to convey some signification different from that ordinarily understood by them can not strengthen the position of the State. Even if, as in slander, such words could be made actionable by the use of extrinsic language, we do not think the allegations are sufficient for that purpose.

Nothing is averred by way of inducement or colloquium showing how, or in what connection, the words were uttered, or that they had any local or provincial meaning. We think the court correctly sustained the motion to quash the affidavit and information.

Judgment affirmed.

Filed Jan. 9, 1892.