The State v. Arnold et al.

Filed March 20, 1895.

No. 17,317.

THE STATE v. ARNOLD ET AL.

CRIMINAL LAW.—*Banks and Banking.*—*Insolvency.*—*Receiving Deposit.*—*Indictment.*—*Motion to Quash.*—An indictment founded upon the act of March 9, 1891, Acts 1891, p. 395, entitled "*An act concerning bank officers, brokers, etc., receiving deposits after insolvency, repealing all laws in conflict herewith,*" charging that the defendants "were partners doing a banking business at said county, and, as such, received a deposit of $25 from one William Heagy, at a time when they were insolvent, and knew of their insolvent condition," is sufficient to withstand a motion to quash.

SAME.—*Constitutional Law.*—*Banks and Banking.*—*Title of Act.*—The above entitled act is not unconstitutional in so far as it relates to private bankers for the reason that such provision is not embraced within the title of the act. The use of the words "bank officers" in the title of the act was sufficient indication of the legislative intent to embrace in its provisions not only officers of incorporated banks, but all persons officiating in a banking establishment or place doing a banking business.

JUDICIAL NOTICE.—*Banks and Banking.*—Courts will take judicial notice of the manner in which banking business is conducted.

STATUTE.—*Title of Act.*—"*Etc.*"—The abbreviation, "etc.," in the title of an act adds nothing to its scope and effect, and serves no purpose.

From the Whitley Circuit Court.

*A. G. Smith,* Attorney-General, *L. D. Fleming,* Prosecuting Attorney, *T. R. Marshall, W. F. McNagney, P. H. Clugston* and *W. A. Glatte,* Prosecuting Attorney, for State.

*H. S. Biggs, L. W. Royse* and *A. A. Adams,* for appellees.

The State *v.* Arnold *et al.*

DAILEY, J.—The appellees were indicted, at the February term, 1894, of the Whitley Circuit Court, the charge being that they were partners doing a banking business at said county, and, as such, received a deposit of $25 from one William Heagy, at a time when they were insolvent, and knew of their insolvent condition.

The appellees appeared and filed a motion to quash the indictment upon the ground that the act of March 9, 1891, p. 395, of the General Assembly of this State, in so far as it relates to private bankers, is unconstitutional and void.

This motion was sustained by the court, and the State takes this appeal.

In as much as the appellees are described in the indictment as private bankers doing a partnership business, they contend that the act which purports to include them in its application is in contravention of section 19, article 4, of the Constitution of Indiana, which is as follows:

*"Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."*

The title to the act of March 9, 1891, *supra,* upon which the indictment in this case is predicated is, *"An act concerning bank officers, brokers, etc., receiving deposits after insolvency, repealing all laws in conflict herewith."*

The appellees contend that the title of the act, in its present form, does not differ essentially from what it would be if the "etc." were omitted therefrom and it read: An act concerning bank officers and brokers receiving deposits after insolvency, and that it is not

broad enough to warrant legislation touching an entirely different class of men.

The letters "etc." are an abbreviation of *et cetera.*

In 1 Bouvier's Law Dict., p. 610, two translations of these words are given—"and others"—"and other things."

In 1 Rapalje & Lawrence's Law Dict., p. 466, these identical definitions are given.

In *Agate . v. Lowenbein,* 4 Daly (N. Y..), 62, it was held that *"et cetera"* is synonymous with "and so forth."

The expression, "and so forth," is sometimes used in pleadings simply to avoid repetition, but the law writers say it is not used in solemn instruments. 6 S. & R.. (6 Pa.) 427.

In 23 Am. and Eng. Encyc. of Law, 240, it is said: "The words, 'and for other purposes,' frequently suffixed to the title of a statute imply purposes not named in the title. 'Etc.' has also been held to have no meaning as apart from the title of an act." *State* v. *Hackett,* 5 La. Ann. 91.

It is said, in Cooley's Const. Lim. (5th ed.), p. 176: "The words, 'and for other purposes,' must be laid out of consideration. They express nothing and amount to nothing as a compliance with this constitu⁺ ɔnal requirement. Nothing which the act could not embrace without them can be brought in by their aid."

Applying this test, what subject would one look for in the body of the act, under the head of "etc." in the index? What would be suggested to the mind by the phrase "and others" or "and so forth," discovered in the index? In such case it seems clear that the court could not enlarge the scope of the title so as to embrace matters not enumerated therein. *State* v. *Bowers,* 14 Ind. 195.

They have no dispensing power, as the constitution has made the title the conclusive index to the legislative intent as to what shall have operation. *Ryerson* v. *Utley,* 16 Mich. 269; *Fishkill* v. *Plank Road Co.*, 22 Barb. 632.

In Suth. Stat. Con., section 211, the author says the title of an act is now so associated with it in the process of legislation that when, in performing its constitutional functions, it affords means of determining the legislative intent, in cases of doubt its help can not be rejected for being extrinsic and extra-legislative. We are fully persuaded, from an examination of the authorities, that the title to the act in question is not a model of skillful legislation, but think it is comprehensive enough, omitting the "etc.," to express the subject of the act, and that in the use of the words "bank officers" in the title there was sufficient indication of the legislative intent to embrace in its provisions not only officers of incorporated banks, but all persons officiating in a banking establishment or place doing a banking business. This court must judicially know, as a matter of common history, that there is a system of banking business in this State, into which private individuals and partnerships enter, not governed by any articles of incorporation, and in this arrangement, the private individuals and partnerships, if the business is large, must appoint agents, who must perform the functions and may assume the titles of certain of the bank officers—not of president or directors—but of cashier, teller, bookkeeper and the like. The official or clerk is in fact strictly the agent of the partnership or individual. Morse Banks and Banking (3d ed.), vol. 1, p. 177.

It is a matter of common intelligence, which every legislator is presumed to possess, that the only class of persons to whom this act could apply are bankers and people doing a banking business, and there can be no

possible question as to the legislative intent. Of course it is a familiar rule that the title of an act should give fair notice of its contents, so as not to mislead those to be bound by its provisions. The criterion is this: If the title fairly gives such notice so as to reasonably lead to an inquiry into the body of the bill, it is all that is necessary. It need not amount to an abstract of its contents. *Allegheny Co. Home's Case*, 77 Pa. St. 77; *State Line, etc., R. R. Co.'s Appeal*, 77 Pa. St. 429.

We are aware it is a recognized doctrine of the courts that when a statute defining an offense designates one class of persons as subject to its penalties, all others are to be deemed as exonerated. *Howell* v. *Stewart*, 54 Mo. 400; *State* v. *Jaeger*, 63 Mo. 403, 23 Am. and Eng. Enc. of Law, *supra*, 447.

The maxim: the expression of one thing is the exclusion of another, is of frequent application in the construction of statutes. It is also settled law that penal statutes can not be enlarged by construction so as to make that criminal which was not made so by its terms. *State* v. *Coffing*, 3 Ind. App. 304.

We concede it would be dangerous to carry the principle that a case which is within the reason or mischief of a statute is within the provisions so far as to punish a crime not enumerated in the act, because it is of kindred character with those which are enumerated. *State* v. *Finch*, 37 Minn. 433; *Eastman* v. *State*, 109 Ind. 278.

It would be evidently wrong to reason a man into a penalty by a long train of conclusions. But we are of the opinion:

1st. That the act in question embraces but one subject.

2d. That the subject-matter and general character of the act are fairly expressed in the title.

3d. That no subject is embraced in the act which is not expressed fairly and sufficiently in the title.

The State v. Arnold et al.

In *Hingle* v. *State*, 24 Ind. 28 (32), FRAZER, J., in construing section 19, article 4, of the constitution, said: "Now it is quite evident that the word 'subject' is here used to indicate the chief thing about which the legislation is had, and 'matters,' the things which are secondary, subordinate or incidental. The mischiefs intended to be prevented by the section were two. First, the passage of an act under a false and delusive title, which did not indicate the subject-matter contained in the act; a trick by which members of the Legislature had been deceived into the support of measures in ignorance of their true character. Second, the combining together in one act of two or more subjects, having no relation to each other; a method by which members, in order to procure such legislation as they wished, were often constrained to support and pass other measures obnoxious to them, and having no intrinsic merit." In construing this wise and salutary provision of our organic law, intended to prevent evil and vicious legislation, courts have frequently lost sight of its real purpose and by forced constructions defeated its object and aggravated the very abuses it was intended to remedy. In *Hingle* v. *State, supra,* it was said: "More than once have salutary and useful measures of legislation been held void, and this provision of our constitution, intended to prevent certain well known practices in legislation which had grown into a serious evil, became itself a greater curse, we fear, than had been the vices it was intended to cure." We think the ruling of the court below was a departure from correct principles and erroneous.

The judgment is reversed and the cause remanded, with instructions to the circuit court to overrule the motion to quash the indictment, and for further proceedings in accordance with this opinion.

Filed Nov. 20, 1894; petition for rehearing overruled Apr. 5, 1895.