The State *v.* Cone.

---

THE STATE *v.* CONE.

[No. 2,087.    Filed November 24, 1896.]

CRIMINAL LAW.—*Public Indecency.*—*Sufficiency of Affidavit.*—Under section 2081, Burns' R. S. 1894, providing that whoever being over fourteen years of age, uses or utters any obscene or licentious language or words in the presence of any female is guilty of public indecency, etc., if the language is not obscene or licentious *per se* it must be shown by extrinsic averments that it was used in an obscene or licentious sense and was so understood by the female.

From the Elkhart Circuit Court. *Affirmed.*

*W. A. Ketcham,* Attorney-General, *M. R. McClaskey* and *V. W. VanFleet,* for State.

*J. S. Dodge* and *O. Z. Hubbell,* for appellee.

DAVIS, J.—This is a prosecution under section 2081, Burns' R. S. 1894 (1995, R. S. 1881), for public indecency. The court below sustained the appellee's motion to quash the affidavit in the cause and discharge the defendant from custody, and the State then excepted. The State of Indiana brings this appeal to reverse said ruling.

The part of section 2081, under which this prosecution was brought, reads as follows: "Whoever, being over fourteen years of age, * * * uses or utters any obscene or licentious language or words in the presence or hearing of any female * * * is guilty

of public indecency," etc.  The affidavit charges that "in the county of Elkhart, and State of Indiana, on the 7th day of October, 1895, Bert Cone was then and there a male person of over fourteen years of age, and that said Cone did then and there, in the presence of a female, Katie Marker, use and utter obscene and licentious language and words, such words being as follows: 'After my balls are over,' meaning by the word balls his testicles, and further crying out, 'is there anything in it,' meaning thereby to inquire if said Katie Marker was not a woman of bad character for chastity."

The language charged as having been used by appellee is not such as to convey a meaning in its nature obscene or licentious unless aided by extrinsic averments.  It is charged, by way of inducement or colloquium, that the words were uttered by him in an obscene or licentious sense, but it is not charged that anyone in his presence or hearing so understood the words.  The crime consists in uttering obscene or licentious language in the presence or hearing of a female.  Where language that is obscene or licentious *per se*, is uttered in the presence or hearing of a female the crime is complete, but where the language is not obscene or licentious *per se*, the use of it is not a crime unless it is shown by extrinsic averments that it was used in the presence or hearing of a female in an obscene or licentious sense, and that she so understood the words.  The words charged in the affidavit might be used in such connection with other words or with acts to which an obscene or licentious meaning might attach, but nothing is averred showing how or in what connection the words were uttered, or that they had any local or provincial meaning.

Assuming, therefore, that the words set out in the affidavit can be made actionable by the use of extrinsic

language, the extrinsic language used in this instance is not, in our opinion, sufficient to charge the crime. *State* v. *Coffing*, 3 Ind. App. 304.

The appeal is not sustained.

Judgment affirmed.