HAYES ET AL. *v.* TAXPAYERS RESEARCH ASS'N.

[No. 28,252.   Filed April 29, 1947.   Rehearing Denied
June 24, 1947.]

*Arthur W. Parry* and *Roy Welty*, both of Fort Wayne, for appellants.

*Townsend, Hilgemann & Logan*, of Fort Wayne, for appellees.

O'MALLEY, J.—The appellees, on behalf of themselves and all others similarly situated, commenced this action to enjoin the appellants from levying a tax on property situated in Wayne Township, Allen County, Indiana. A trial was had and at the conclusion thereof the court enjoined the appellants from levying and collecting the tax involved in this action.

The City of Fort Wayne is located in Wayne Township and the tax enjoined was levied on the property in the city as well as that located in the township, but outside the city. The matter arose because the officers of the township purchased fire-fighting equipment for use in the township outside the city and then levied a tax on the township as a unit to operate the same.

The record discloses that 96% of the cost of operation would come from property in the city and 4% from that in the outlying township.

The appellants assert that this matter is governed by the Act of 1927, ch. 229, p. 658, §§ 1 to 10, §§ 65-501 to 65-510, Burns' 1933; that the amendatory Act of 1943, ch. 25, p. 54, § 1, § 65-510, Burns' 1943 Replacement is unconstitutional; and that the Act of 1945, ch. 169, p. 398, § 1, § 65-510, Burns' 1943 Replacement

(Supp.), which amends the Act of 1943, is void and unconstitutional because it is an attempt to amend an unconstitutional act.

The appellees, on the other hand, assert that the 1945 Act is unconstitutional and void as being an attempt on the part of the Legislature to tax the property of the citizens of Fort Wayne for the purpose of operating fire-fighting equipment in the township, outside the city.

The matter is presented in an unusual way, since each side argues that the Act of 1945 is unconstitutional. However, the reasons upon which the arguments are based are vastly different.

The Act of 1945 is an amendment of the Act of 1927, ch. 229, p. 658, § 10, § 65-510, Burns' 1933, as amended in 1943, ch. 25, p. 54, § 1, § 65-510, Burns' 1943 Replacement. In 1927 the Legislature presented methods by which a township could enter into an agreement with a town or city by the terms of which each could own part of the equipment or the town or city could own all of the equipment. It provided that the township could as a unit purchase equipment and house and maintain the same on money to be raised by a tax levy on the property in the township, including the property located in the town or city. However, in those sections which referred to the operation and use of the equipment it provided a plan for an agreement with a voluntary fire department and the payment of the expense of operation from donations. At no place in that Act did it provide for operating funds from the levying of taxes either upon the township as a unit or on that part of the township outside of the city. Under the 1943 Act provision was made for the raising of operating funds from the township as a unit under conditions set forth therein, and from that part of the township outside the

city as a unit under conditions which are detailed therein.

The Act of 1945, which is an amendment of § 10 of the 1927 Act, as amended in 1943, is as follows:

"Section 1.  BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF INDIANA, That section 1 of the above entitled act be amended to read as follows: Section 1.  That section 10 of the above entitled act be amended to read as follows: Sec. 10.  All expenses and cost of the purchase of apparatus and equipment which may be incurred by any township in carrying out the provisions of this act for the purchase and operation of equipment which is for use both within said township and within the limits of any incorporated town or city in said township shall be paid out of the township fund, and the township advisory board may increase the township fund levy a sufficient amount annually, to defray the expenses which may be incurred in carrying out the provisions of this act.  All expenses and costs which may be incurred by any township in carrying out the provisions of this act in the purchase of apparatus and equipment for use within the limits of such township but outside the limits of any incorporated town or city in said township shall be paid out of the township fire-fighting fund, and the advisory board may, at the annual September meeting of the board levy a tax for the township fire fighting fund upon all the taxable property within the township, outside the limits of any incorporated town or city in said township in which such apparatus and equipment are not to be used. Provided, however, where such townships are the owners or operators of apparatus and equipment for use within the limits of such township but outside the limits of any incorporated town or city in said township and where such townships have maintained and operated a fire protection system prior to the enactment of this law, the cost of operation and maintenance of said fire protection system may be paid out of the township fund and the township advisory board may increase the

township fund levy a sufficient amount annually to defray the expenses which may be incurred in the operation and maintenance of such fire protection system. Such townships are hereby further authorized to use township fund appropriations already made for the operation and maintenance of fire protection systems and are authorized to borrow money when necessary in the operation and maintenance of such fire protection systems, and appropriations and levies heretofore made for the maintenance and operation of fire protection systems in such townships are hereby validated and legalized."

In the 1945 Act there is provision for the raising of funds for the operating costs by granting to the officers of the township the right to levy a tax on the township as a unit when the equipment is to be operated for the use and benefit of the whole township. When the unit to be served is that part of the township which lies outside the limits of the city or town, the statute directs a levy to be made only on that part which is to be served. For this purpose the Legislature has created a taxing unit for fire-fighting purposes which contains the same limits as that used for the levy and collection of school taxes in all townships having separate school towns within its limits. This part of the Act is general in character and applies equally to all townships in the State which have a town or city within its limits. The Act contains a proviso, which permits the taxing of the whole township, for the benefit of part thereof, if prior to the passage of the Act, such township had purchased and operated fire-fighting equipment. In this proviso, this privilege is made to depend solely on the ownership and operation of fire-fighting equipment prior to the enactment of the Act. As a result we have a classification that is rather narrow and which hardly answers to the

test of reasonableness. As we view it, the Legislature can declare a taxing unit that is equal to, greater or less than the unit of the township, at least for some purposes, but it must be a classification that is reasonable and that inheres in the subject-matter of the legislation.

Article 1, § 23 of the Constitution of the State of Indiana is as follows:

"The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

Under Article 4, § 22 of the Constitution of the State of Indiana, it is stated that:

"The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say:

". . . . . . . .

"10. Regulating county and township business;

". . . . . . . .

"12. For the assessment and collection of taxes for State, county, township, or road purposes;"

Article 4, § 23 of the Constitution of the State of Indiana is as follows:

"In all the cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

In discussing a tax statute this court in *Board, etc.,* v. *Johnson* (1909), 173 Ind. 76, 87, 89 N. E. 590, 594, said:

"The classification itself must be based upon natural reasons, upon reasons which naturally in-

here in the subject-matter, upon a real difference existing between the classes, so as to produce no distinction between members of the same class."

In Crawford's Statutory Construction, p. 118, § 82, it is said:

"In many instances, therefore, the validity of a general law will depend upon the basis for the classification of the subject matter to which it applies. We have already stated that the classification must be a reasonable one. Moreover, it must be founded upon substantial distinctions, inherent in the subject matter, which make one class really different from another; and the characteristics which form the basis of the classification must be germane to the purpose of the law."

In Sutherland's Statutory Construction by Horack (3rd ed.), Vol. 2, p. 20, § 2106, the author in discussing classification makes this statement:

". . . . . . Thus, classification must be prospective and permit the future entrance into the class when its qualification and standards have been met. The restrictions may place either wide or narrow limits on the class, but the nearer a classification comes to total generality the more susceptible it is to attack.

"A valid classification must include all who 'naturally' belong to the class, all who possess a common disability, attribute, or classification, and there must be some natural and substantial differentiation between those included in the class and those it leaves untouched. When a class is accepted by the courts as 'natural,' it can not be again split and then have the dissevered factions of the original unit designated with different rules of government established for each."

The recent case of *Perry Civil Twp.* v. *Indianapolis Power and Light Co.* (1943), 222 Ind. 84, 91, 51 N. E.

(2d) 371, 374, involved a question of classification and in that case this court said:

> " 'Pass a law of general nature, without any words of application, and it operates uniformly throughout the state. Pass such a law and attempt to limit its operation (by a proviso or exception in the nature of a special act) and either the law or the limitation will be void.' *Darling* v. *Rodgers* (1871), 7 Kan. 592."

In the case of *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 232, 236, 61 N. E. 197, 198, it was said:

> " 'Interdicted, local and special laws are all those that rest on a false or deficient classification; their vice is that they do not embrace all the class to which they are naturally related; they create preference, and establish inequalities; they apply to persons, things or places possessed of certain qualities or situations, and exclude from their effect other persons, things or places which are not dissimilar in these respects.' "

See *McErlain, Tr.* v. *Taylor* (1934), 207 Ind. 240, 192 N. E. 260.

In the 1945 Act the Legislature stated generally what the townships could do and then added a proviso under which a class was created to be composed solely of those townships that had purchased equipment prior to the taking effect of the Act. It created a closed class, and certainly no one can say that the classification is reasonable or inheres in the subject-matter naturally. The mere incident of having already purchased equipment gave to those townships a right to tax the whole township for the use of a lesser unit. That mere incident gave to those townships a right not granted to all townships under the same or similar conditions. Certainly the mere purchase before a given

date could not instill into those townships a difference in character that reasonably could be said to inhere in the subject of fire-fighting in the favored townships. It is both artificial and arbitrary and in conflict with the constitutional inhibitions of Art. 1, § 23 and Art. 4, §§ 22 and 23 of our basic law. *Fountain Park Co.* v. *Hensler* (1927), 199 Ind. 95, 155 N. E. 465; *State* v. *Wiggam* (1918), 187 Ind. 159, 118 N. E. 684; *Davis Construction Co.* v. *Board, etc.* (1922), 192 Ind. 144, 132 N. E. 629; *Ettinger* v. *Studevent; Hole* v. *Dice* (1942), 219 Ind. 406, 38 N. E. (2d) 1000; *Heckler* v. *Conter* (1934), 206 Ind. 376, 187 N. E. 878.

The 1945 Act as passed by the Legislature was in the same form as when introduced. An examination of the legislative records discloses that while amendments were made in both the House and Senate, these were deleted in conference and the original text restored. Under such circumstances, we feel that the rule announced and applied in *Ettinger* v. *Studevent; Hole* v. *Dice, supra,* should apply. In that opinion this court in 219 Ind. at page 423, 38 N. E. (2d) at page 1007, said:

> "Where the Legislature attempts to do several things one of which is invalid it may be discarded if the remainder of the act is workable and in no way dependent upon the invalid portion. But if that portion is an integral part of the act and its excision changes the manifest intent of the act by broadening its scope to include subject-matter or territory which was not included therein as enacted, such excision is judicial legislation not statutory construction."

Without the proviso, the bill would not have been enacted by the Legislature, therefore, it is necessary that the Act as a whole must be held invalid.

We therefore hold that the Act of 1945, ch. 169, p. 398, § 1, § 65-510, Burns' 1943 Replacement (Supp.), is invalid. We further hold that no infirmity has been shown in the Act of 1943, ch. 25, p. 54, § 1, § 65-510, Burns' 1943 Replacement, and that said Act must be held to be valid.

In this opinion it has not been necessary to decide, and this court has not determined, whether the Legislature does or does not have the right and power to create a taxing unit composed of a whole township for the use and benefit of a part of the township.

The judgment of the lower court is therefore affirmed.

NOTE.—Reported in 72 N. E. (2d) 658.