WRIGHT-BACHMAN, INC. *v.* HODNETT, ET AL.

[No. 29,277. Filed April 12, 1956.]

*Fansler, Fauvre, Dongus & Chambers, Hugh E. Reynolds, Michael L. Fansler, Slaymaker, Locke & Reynolds,* of Indianapolis, for appellant.

*James J. Stewart, Alvin E. Meyer, Murray, Mannon, Fairchild & Stewart,* of Indianapolis, for appellee.

*Townsend & Townsend,* of Indianapolis, *Amicus Curiae.*

LANDIS, J.—This action was brought by appellee Hodnett (hereinafter called appellee) against appellant and another, to recover damages for personal injuries in falling from a scaffold, which allegedly collapsed because of a defective ladder. The first paragraph of amended complaint alleged breach of warranty concerning the ladder, and the second paragraph was grounded on negligence in the ladder's construction.

Answer in five paragraphs was filed to the complaint. Trial by a jury resulted in a verdict of $15,000 for appellee against appellant upon the first paragraph of complaint. Appellant has assigned as error the overruling of its motion for new trial.

The facts most favorable to appellee show that in April 1951 appellee purchased the ladder from appellant, who, according to appellee, stated: The ladder "was vertical grain fir with oak rounds and had been tested for five hundred pounds per rung." That, "He

didn't have a hickory rung ladder, but he told me this one was just as good as any . . . ."

On September 20, 1951, when the ladder was being used by appellee, one of the rungs broke, permitting the scaffold to collapse, as a result of which appellee fell some 12 to 15 feet to the ground, and was seriously injured. Appellee was employed by a construction company when injured, and on January 4, 1952, filed an agreement with said employer for the payment of compensation, which was approved by the Industrial Board. Some time in September, 1953, appellee informed appellant as to the breaking of the ladder, his injuries, and that a suit would be filed against the company. Thereafter, on September 19, 1953, the present action for damages against appellant was filed, and in March, 1954, appellee's compensation agreement previously filed with the Industrial Board, was set aside and revoked, and appellee entered into a loan agreement with his employer concerning the payments received.

Appellant's first contention on this appeal is that a verdict should have been directed for appellant for the reason appellee "failed to allege and prove that notice was given to this appellant of the breach of warranty relied upon within a reasonable time after he knew or ought to have known of such breach" referring to the Uniform Sales Act, §49.[1]

In Indiana prior to the passage of the Uniform Sales Act it had been decided that notice of breach of war-

---

[1] " . . . But if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." Acts 1929, ch. 192, §49, p. 628, being §58-309, Burns' 1951 Replacement.

ranty was not a prerequisite to the bringing of an action by the buyer for such breach. *Means* v. *Means* (1882), 88 Ind. 196; *Ferguson* v. *Hosier* (1877), 58 Ind. 438. This rule is prevalent in England to this day, and it should be noted the English Sale of Goods Act, while similar to the Uniform Sales Act adopted in this country in many respects, does not contain the provisions of §49 of the latter act requiring notice, which has been cited by appellant. 3 Williston on Sales, §484, p. 37 (Rev. ed. 1948).

The Uniform Sales Act, while changing the common law of sales in many respects, nevertheless specifically provided that nothing in said act ". . . shall ██ affect the right of the buyer or seller to recover interest or special damages in any case where by law interest or special damages may be recoverable . . ."[2]

The action before us for personal injuries allegedly received by appellee-buyer on account of defects in the chattel sold and covered by appellant's sales warranty is unquestionably an action for special or consequential damages,[3] and therefore we must conclude that as to such special damages the Uniform Sales Act did not change the pre-existing Indiana law which did not require notice of breach of warranty to be given by the buyer before bringing suit. Accordingly, we hold against appellant in its contention that a verdict should have been directed against appellee because of the insufficiency of notice by appellee of breach of warranty.

---

[2] Section 70, Uniform Sales Act; Acts 1929, ch. 192, §70, p. 628, being §58-508, Burns' 1951 Replacement.

[3] Annotation 37 A. L. R. 853, citing 24 R. C. L., Sales, §541; *Marko* v. *Sears, Roebuck & Co.* (1953), 24 N. J. Super. 295, 94 A. 2d 348.

We shall next consider appellant's second contention that a verdict should have been directed for appellant for the reason that appellee's suit was not brought within six months after the cause of action accrued, as required by §13 of the Workmen's Compensation Act.[4]

Appellee admits the existence of this statute, but contends:

(1) It is not applicable because the case at bar involved an action *ex contractu* instead of an action *ex delicto*, and that §13 of the Workmen's Compensation Act only applies to actions *ex delicto*; and

(2) That the portion of §13 of the Workmen's Compensation Act prescribing a six months' statute of limitations is unconstitutional and void.

It is well settled that an action of breach of warranty may be either a contract action or a tort action, depending on the allegations of the complaint.[5] The seller's warranty has been described as a curious hybrid of tort and contract, unique in the law.[6]

The distinction between tort and contract actions which appellee is attempting to make in the case before

---

[4] "If said employee . . . shall fail to institute legal proceedings against such other person for damages within six (6) months after said cause of action accrues . . . the right of said . . . [employee] to proceed against said other person shall be forever barred . . ." Acts 1951, ch. 258, §1, p. 733, being §40-1213, Burns' 1952 Replacement.

[5] "A buyer seeking to recover for breach of warranty may sue either in contract or tort . . . . At one time an action of warranty sounded purely in tort; a more modern view is that assumpsit is a proper form of action for a suit for breach of warranty; and it is now well established that either method of procedure may be adopted." 77 C. J. S., Sales, §354, p. 1262.

[6] Prosser on Torts, 2d Ed. §83, p. 493.

us, would place tort actions for breach of warranty subject to §13 of the Workmen's Compensation Act, and contract actions of the same character, outside the act. If appellee's position is sound, Workmen's Compensation employees under the statute here involved,[7] would be limited in bringing tort actions for breach of warranty to six months, and also their employers would be entitled to subrogation rights for compensation paid. However, employees under Workmen's Compensation would not be limited in bringing contract actions for breach of warranty to six months, but would have six years to bring their suits,[8] and would not be affected by any subrogation rights of the employer for compensation paid, as such rights would not exist, and such employees could seemingly recover both from the employer and the third person.

Did the legislature intend any such distinction between damage actions *ex contractu* and *ex delicto* by their enactment of §13 of the Workmen's Compensation Act? The pertinent portion of this section in this connection says:

> "Whenever an injury . . . for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee, . . . may commence legal proceedings against such other person to recover damages . . . In such case, however, if the action against such other person is brought by the injured employee . . . and . . . settlement is made with such other person, . . . there shall be paid to the employer the amount of compensation paid or to be paid by him

---

[7] Acts 1951, ch. 258, §1, p. 733, being §40-1213, Burns' 1952 Replacement, *supra*.

[8] Acts 1951, ch. 301, §1, p. 999, being §2-601, Burns' 1946 Replacement (1955 Cum. Supp.).

to such employee . . . , plus the medical, surgical, hospital and nurses services and supplies . . . .

We are not able to conclude that any such general language as above employed by the legislature, to-wit:

"Whenever an injury . . . , for which compensation is payable under this act, . . . "

should be so narrowly construed as to apply only to damages in tort and to exclude damages in contract. To adopt appellee's limited construction of this statute would require this court to rewrite the language of the statute to provide:

"Whenever an injury *from a tort* . . . for which compensation is payable under this act . . . ."

We cannot indulge in any such judicial legislation, and must, accordingly, hold in the case before us that §13 of the Workmen's Compensation Act applies to actions *ex contractu* for breach of warranty, just as it does to actions of *ex delicto* for breach of warranty.

We now proceed to the appellee's contention that §13 of the Workmen's Compensation Act[9] is unconstitutional.

Appellee first says this section of the act embodies matters not properly connected with the title and is, therefore, violative of Article 4, Section 19, of the Indiana Constitution.[10]

---

[9] Acts 1951, ch. 258, §1, p. 733, being §40-1213, Burns' 1952 Replacement, *supra.*

[10] "Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." Article 4, Section 19, Constitution of Indiana.

The title to the act is in part as follows:

"An Act to amend . . . an act entitled . . . 'An act concerning workmen's compensation; to acquire medical, surgical, hospital and nurse care for employees injured by accidents arising out of and in the course of their employment; to provide compensation for injuries and death of employees resulting from such accidents; to provide methods of insuring the payment of such compensation; to abolish certain personal injury litigation; . . . .' "

The pertinent portion of the act is as follows:

"If said employee . . . shall fail to institute legal proceedings against such other person for damages within six (6) months after said cause of action accrues, . . . the right of said . . . [employee] to proceed against said other person shall be forever barred and the employer having paid compensation or having become liable therefor, may collect . . . from the other person in whom legal liability for damages exists, the compensation paid, or payable to the injured employee, . . . plus such medical, . . . supplies, . . . paid by him, or for which he has become liable. The employer may commence such action . . . against the other person in whom legal liability for damage exists at any time within one (1) year after said six (6) months period has expired . . ., notwithstanding the provisions of any statute of limitations to the contrary." Acts 1951, ch. 258, §1, p. 733, being §40-1213, Burns' 1952 Replacement, *supra*.

At the outset it must be conceded as was stated by this court in a recent case in considering the constitutionality of a statute:

"We recognize the well established principle that it is the duty of this court to sustain the constitutionality of an act of the legislature if it can be done by a reasonable construction. Any doubt concerning the constitutionality of an act must be resolved in favor of its validity." See:

*Fairchild, Prosecuting Atty., etc.* v. *Schanke, et al.*
(1953), 232 Ind. 480, 483, 113 N. E. 2d 159, 161.

Appellee's contention that the act of the legislature embodies matters not properly connected with its title has been considered by this court in cases involving other legislation on a number of previous occasions. In *Wright* v. *House* (1919), 188 Ind. 247, 121 ■ N. E. 433, 437, this court stated:

"Where the general subject of an act is expressed in the title, it is not necessary that matters properly connected therewith shall be also expressed in the title. *Kaufman* v. *Alexander* (1909), 173 Ind. 136, 141, 88 N. E. 502. It is not necessary that the title should contain a complete abstract of the contents of an act. If a title *expresses* [our emphasis] the general purpose of the act, everything contained in the body of the act which is germain to such purpose or properly connected therewith as a means of making the act effective to accomplish the purpose is covered by the title. *Western Union Tel. Co.* v. *Braxtan* (1905), 165 Ind. 165, 74 N. E. 985."

And this court in *Albert* v. *Milk Control Board* ■■ *of Indiana* (1936), 210 Ind. 283, 288, 200 N. E. 688, 690, cited by counsel said:

"Moreover, 'it is not necessary that the title of an act furnish a complete index to its contents. It will be sufficient to meet constitutional requirements when, upon a liberal construction, it is sufficient to apprise the legislators and the public in general of the subject-matter of the legislation. Or, in other words, if it be so framed as to reasonably lead to an inquiry into the body of the bill, it is sufficient.' *Gmeiner* v. *State* (1925), 197 Ind. 43, 149 N. E. 728; *State* v. *Arnold* (1895), 140 Ind. 628, 38 N. E. 820. It has also been held by this court that where the title relates to a subject which is broad enough to make it possible to comprehend different matters, which might or might not be included in the subject as means to a given

end, courts will solve doubtful questions as to the relation of a particular matter to the subject in favor of the legislation. *State ex rel.* v. *Board* (1906), 166 Ind. 162, 76 N. E. 986."

In the Milk Control Board case, this court held the general title of the Milk Control Act sufficient to embrace the body of the act, including provision for penalties and an injunction.

This court in *Dean* v. *State ex rel. Bd. of Med. Reg. etc.* (1954), 233 Ind. 25, 116 N. E. (2d) 503, 505, held the following title: " 'AN ACT regulating the practice of medicine, surgery and obstetrics, . . . ' " was " '. . . broad enough to embrace the whole subject of the regulation of the practice of medicine.' " and that it was " ' . . . not essential that all of the procedural incidents of administration should be disclosed in the title.' " Citing: *State ex rel. Board, etc.* v. *Cole* (1939), 215 Ind. 562, 20 N.E. 2d 972.

The case of *United States Casualty Co.* v. *Hyrne* (1937), 117 N. J. L. 547, 189 A. 645, 646, presented a compensation law similar to that in the case before us. The compensation statute of New Jersey provided that if an employee under the compensation act was injured by a third person and failed to take action against the third person within six months, the employer was authorized to proceed against such third party. The employer (insurance company) brought suit against the third party after the six months had elapsed, and the validity of the title of the act was questioned by the defending third party. The title of the act provided:

" 'An Act to amend an act entitled "An act prescribing the liability of an employer to make compensation for injuries received by an employee in the course of employment, . . . and regulating

procedure for the determination of liability
. . . ." ' " Laws N. J., 1931, C. 279.

The court, while holding the statute invalid on another ground, stated the employer's cause of action against the third person was a procedure for " 'the determination of liability' within" the title of the act.

In applying these principles of law to the case before us, is §13 of the Workmen's Compensation Act containing the six months' provision as to an employee's action against a third person, germane to, or connected with the title of an act which is stated in part to be, " 'An act concerning Workmen's Compensation; . . . to provide methods of insuring the payment of such compensation; to abolish certain personal injury litigation . . .' "?

An examination of §13 of the act containing the six months' provision heretofore set out, reveals that such section not only prescribes the period of limitations within which the employee must bring suit against a third person, but also prescribes when the employer may bring an action against a third person in order to enforce his subrogation rights for compensation or medical expenses incurred. The employer's action is required by said act to be brought within one year after the expiration of the six months' period.

The six months' provision, therefore, appears to be an integral part of the Workmen's Compensation Act, affecting as it does, not only the employee's right to recover from the third person, but also the employer's right to recover reimbursement. It is interwoven with subrogation features of the act so as to be germane to that portion of the title described as being:

"An act concerning workmen's compensation; . . . to provide methods of insuring the payment

of such compensation; to abolish personal injury litigation . . . ."

We accordingly hold §13 of the Workmen's Compensation Act does not embody matters not properly connected with the title of the act, and that such act does not violate Article 4, Section 19 of the Indiana Constitution, as contended by appellee.

Appellee next contends that §13 of the Workmen's Compensation Act containing the six months' limitation makes no reference in its title to the general statute of limitations or the statute of limitations in personal injury cases, and therefore attempts to amend such statutes by implication, contrary to Article 4, Section 21 of the Constitution of Indiana.[11]

Appellee's contention is not well taken, however, as this court has held on a number of occasions that an independent statute, which has the effect of amending or modifying prior statutes because of being in conflict therewith, does not come within the purview of this section of the Constitution. *Watson* v. *Strohl* (1943), 220 Ind. 672, 46 N. E. 2d 204; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 71 N. E. 218, 660.

Appellee's next contention is that the six months' provision of §13 of the Workmen's Compensation Act violates the privileges and immunities clause of the Indiana Constitution[12] as it is class legislation and discriminates against injured employees, though it does

---

[11] "No act shall ever be revised or amended by mere reference to its title; but the act revised or section amended, shall be set forth and published at full length." Article 4, Section 21, Constitution of Indiana.

[12] "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens." Article 1, Section 23, Constitution of Indiana.

not affect injured persons generally who have a longer period of statutory limitation.

It is the settled law that the question of classification is primarily for the legislature and does not become a judicial question unless it clearly appears that the legislative classification is not based on substantial distinctions with reference to the subject-matter, or is unjust or unreasonable. *Fairchild, Prosecuting Atty., etc.* v. *Schanke, et al.* (1953), *supra,* 232 Ind. 480, 488, 113 N. E. 2d 159; *Evansville, etc., Ry. Co. Inc.* v. *So. Ind. R. E. Corp.* (1953), 231 Ind. 648, 654, 109 N. E. 2d 901; *Fountain Park Co.* v. *Hensler* (1927), 199 Ind. 95, 101, 155 N. E. 465, 50 A. L. R. 1518; *Bolivar Twp. Bd. of Fin. of Benton Co.* v. *Hawkins et al.* (1934), 207 Ind. 171, 181 et seq., 191 N. E. 158, 96 A. L. R. 271; *Hayes* v. *Taxpayers Research Ass'n* (1947), 225 Ind. 242, 249, 72 N. E. 2d 658.

The United States Supreme Court in *Northern Pacific Railway Co.* v. *Meese* (1915), 239 U. S. 614, 36 S. Ct. 223, 60 L. Ed. 467, had before it a suit by an employee under the Workmen's Compensation Law of the State of Washington (Laws 1911, C. 74) seeking recovery from a third party tort-feasor. The Workmen's Compensation Act in question had been intrepreted by the State Court of Washington as abolishing all causes of action against all persons in exchange for the benefits provided under the Compensation Act. The United States Supreme Court affirmed the judgment, 9th Cir. 211 Fed. 254, denying recovery from the third party, saying the abolishment of the "compensation-employee's" right of action against the third party tort-feasor did not violate the equal protection clause of the United States Constitution.

In the case of *Elam* v. *Bruenger* (1948), 165 Kan. 31, 193 P. 2d 225, the Supreme Court of Kansas was

called upon to consider the constitutionality of a statute, G. S. 1945 Supp. 44-504, which allowed a "compensation-employee" or his dependents, 18 months within which to sue third persons, whereas, the wrongful death statute allowed two years generally for bringing actions against third persons. The court upheld the constitutionality of the act, limiting employee's action to 18 months, at p. 232 of 193 P. 2d, saying:

> "We are of opinion that it was within the power and competency of the legislature to so provide, and that such provision did not affect the constitutional rights of the widow."

The court said the classification was "not unreasonable, discriminatory or unconstitutional."

The case of *Kelley* v. *Girdler Corp.*, 7 Cir. (1953), 207 F. 2d 703, involved §13 of the Workmen's Compensation Act of Indiana; and the Circuit Court of Appeals of the Seventh Circuit held this section containing the six months' period of limitations was within the power of the legislature to prescribe and that plaintiff's cause of action filed 11 months after the injury was too late. The court's opinion, at p. 704 of 207 F. 2d, stated:

> "The plaintiff contends that the provisions of the Workmen's Compensation Act have no application to this action, based as it is on the theory of ordinary common law negligence, and that, therefore, the two year statute is the governing limitation provision. The short answer to this contention is that both plaintiff and defendant, by their failure to reject, have elected to operate under and be bound by the Indiana Workmen's Compensation Act. Burns' Ind. Stats. Ann. Sec. 40-1202 (1952 Repl.); *Warren* v. *Indiana Telephone Co.*, 217 Ind. 93, 26 N. E. 2d 399; *Pearson* v. *Rogers Galvanizing Co.*, 115 Ind. App. 426, 59 N. E. 2d 364. Such an election applies to all of the provisions of the Act, including the limitation on the time within which the employee may bring an action against a third person."

The legislature in its wisdom passed the Workmen's Compensation Law giving to injured employees and their dependents rights and benefits they did not have at common law. In the light of the above authorities we are not able to say that the classification made by the legislature prescribing different periods of statutory limitation for employees and non-employees was arbitrary, discriminatory or unreasonable, and we must, therefore, hold the act is not violative of Article 1, Section 23 of the Indiana Constitution.

Appellee has also suggested that §13 of the Workmen's Compensation Act is unconstitutional because the six months' period of limitation is too short.

We recognize the general rule that the legislature is the primary judge as to whether the time allowed by a statute of limitations is reasonable. Although the determination of the legislature is reviewable by the courts, the courts will not inquire into the wisdom of the legislative decision in establishing the period of legal bar, unless the time allowed is so short that the statute amounts to a practical denial of the right itself and becomes a denial of justice. 53 C. J. S., Limitations of Actions, §2, p. 905; 34 Am. Jur., Limitation of Actions, §22, p. 30.

The case of *DeMoss and Others* v. *Newton and Another* (1869), 31 Ind. 219, involved a shorter limitation than the one before us, to-wit: A three month statute of limitations, but such statute was held constitutional as against appellant's contention that it was unreasonable and contrary to the United States Constitution. The annotation in 7 L. R. A. (N. S.) at page 715 collects cases from many jurisdictions and the following varying periods of statutory limitations appear to have been held reasonable: Three months, four and one half months, five months, six

months, eight months, eight and one half months, nine months, nine and one half months, ten months, and thirteen months.

This court in the DeMoss case, stated:

> " 'what shall be considered a reasonable time must be determined by the legislature, into the wisdom of whose decision in establishing a legal bar it does not pertain to the jurisdiction of the courts to enquire.' "

We cannot sit as a legislative body to consider the wisdom of passing a six months' statute of limitations. The limitation prescribed by the legislature does not appear to us to be of such a short duration in the case at bar as to amount to a practical denial of the right itself and to be a denial of justice. We hold it to be valid and constitutional as against appellee's contention to the contrary.

We have taken up, one by one, the several contentions of appellee that §13 of the Workmen's Compensation Act is unconstitutional, but in view of the foregoing discussion and treatment of them, we are constrained to hold that §13 of the Workmen's Compensation Act is constitutional, as against the arguments advanced by appellee in this case.

In view of the fact that the evidence in this cause shows without contradiction that appellee was an employee under the Workmen's Compensation Act and his action was not brought within six months after the cause of action accrued, as required by §13 of the Workmen's Compensation Act, we conclude the lower court erred in refusing to give appellant's tendered instruction No. 2, directing the jury to return a verdict for appellant.

We do not deem it necessary to discuss other alleged errors presented by appellant on this appeal as they are unlikely to arise on a retrial of this cause.

The judgment of the lower court is accordingly reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.

Bobbitt, C. J., and Arterburn, Achor and Emmert, JJ., concur.

NOTE.—Reported in 133 N. E. 2d 713.